STATE of Wisconsin, Plaintiff-Respondent,

v.

Douglas D. SCHOEPP, Defendant-Appellant.

Court of Appeals

*No. 95–2249. Submitted on briefs July 12, 1996.—Decided August 29, 1996.*

(Also reported in 554 N.W.2d 236.)

For the defendant-appellant the cause was submitted on the briefs of *Ralph A. Kalal* of *Kalal & Associates* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Pamela Magee*, assistant attorney general.

Before Eich, C.J., Dykman, P.J., and Vergeront, J.

DYKMAN, P.J.[1]  This is an interlocutory appeal heard pursuant to § 809.50, STATS. Douglas D. Schoepp appeals from an order granting the State's motion to quash subpoenas issued by Schoepp to depose officers involved in his arrest. Schoepp argues that the rules of discovery provided by Chapter 804, STATS., apply to refusal proceedings instituted under § 343.305(9), STATS. We agree and therefore reverse.

## BACKGROUND

On January 29, 1995, Lieutenant William Housley of the Madison Police Department arrested Schoepp for operating a motor vehicle while under the influence of an intoxicant, contrary to a city ordinance conforming

---

[1] The chief judge ordered that this case would be heard by a three-judge panel. *See* § 809.41, STATS.

with § 346.63(1)(a), STATS. Housley read Schoepp the "informing the accused" form[2] and requested that Schoepp submit to a chemical blood alcohol test.[3] Schoepp allegedly refused to submit to the test, and Housley issued a notice of intent to revoke Schoepp's operating privilege.[4] Pursuant to § 343.305(9), STATS., Schoepp filed a demand for a refusal hearing.

Prior to the refusal hearing, Schoepp issued subpoenas for the deposition of the arresting officer and other police officers who were involved in his arrest and the events leading up to his alleged refusal to submit to chemical testing. The State moved the circuit court for an order quashing the subpoenas. The circuit court concluded that a defendant is not entitled to discovery prior to a refusal hearing and quashed Schoepp's subpoenas. Schoepp appeals.

---

[2] When a chemical test specimen is requested from a person arrested under an ordinance conforming with section 346.63(1), STATS., the arresting officer must read the "informing the accused" form to the person arrested. Section 343.305(4), STATS.

[3] Under § 343.305(3)(a), STATS.:

> Upon arrest of a person for violation of s. 346.63 (1) . . . or a local ordinance in conformity therewith . . . a law enforcement officer may request the person to provide one or more samples of his or her breath, blood or urine for the purpose [of determining the presence or quantity in his or her blood or breath, of alcohol, controlled substances, a combination of alcohol and controlled substances, other drugs or a combination of alcohol and other drugs]. . . .

[4] Under § 343.305(9)(a), STATS., "If a person refuses to take a test under sub. (3)(a), the law enforcement officer shall immediately take possession of the person's license and prepare a notice of intent to revoke . . . the person's operating privilege."

## DISCUSSION

Schoepp argues that under § 801.01(2), STATS., the rules of discovery in Chapter 804, STATS., apply to refusal hearings. Section 801.01(2) provides: "Chapters 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions and special proceedings whether cognizable as cases at law, in equity or of statutory origin except where different procedure is prescribed by statute or rule."

In determining whether the discovery procedures of Chapter 804, STATS., apply to refusal hearings, § 801.01(2), STATS., directs us to make two inquiries. First, we must determine whether refusal hearings are "civil actions" or "special proceedings." Second, we must determine whether the statutes prescribe different discovery procedures for refusal hearings.

■

In *State v. Jakubowski*, 61 Wis. 2d 220, 224 n.2, 212 N.W.2d 155, 157 (1973), the Wisconsin Supreme Court concluded that "a proceeding under sec. 343.305 is a special proceeding and must be so defined." The State does not take issue with this holding. We conclude that a refusal hearing is a special proceeding for purposes of § 801.01(2), STATS.

■

The State does argue, however, that there is a different statutory discovery procedure for refusal hearings, and therefore Chapter 804, STATS., does not apply to them. This is an issue of statutory construction and interpretation, which we review *de novo. See DOR v. Milwaukee Brewers Baseball Club*, 111 Wis. 2d 571, 577, 331 N.W.2d 383, 386 (1983). First, we examine the language of the statutes to determine whether the language is clear or ambiguous. *State v. Dwyer*, 181 Wis. 2d 826, 836, 512 N.W.2d 233, 236 (Ct.

App. 1994). If the language is clear, we must give effect to its plain meaning. *Id.*

Section 343.305(9)(a), STATS., provides that "[t]he officer shall issue a copy of the notice of intent to revoke the privilege to the person."[5] The State argues that the notice of intent to revoke provides the defendant with much of the information relevant in a refusal hearing, and therefore it provides a discovery procedure different than the procedure set forth in Chapter 804, STATS. The notice of intent to revoke, however, is akin to the summons and complaint requirements of Chapters 801 and 802, STATS., not the discovery procedures provided for in Chapter 804. And the issues Schoepp raises in this case go beyond the information given to him by the notice of intent to revoke.

[5] Section 343.305(9)(a), STATS., provides in relevant part:

The notice of intent to revoke the person's operating privilege shall contain substantially all of the following information:

1. That prior to a request under sub. (3)(a), the officer had placed the person under arrest and issued a citation, if appropriate, for a violation of s. 346.63 (1) . . . or a local ordinance in conformity therewith . . . .

2. That the officer complied with sub. (4) or both subs. (4) and (4m).

3. That the person refused a request under sub. (3)(a).

4. That the person may request a hearing on the revocation within 10 days . . . .

5. That the issues of the hearing are limited to:

a. Whether the officer had probable cause to believe the person was driving or operating a motor vehicle while under the influence of alcohol . . . and whether the person was lawfully placed under arrest for violation of s. 346.63 (1) . . . or a local ordinance in conformity therewith . . . .

b. Whether the officer complied with sub. (4) or both subs. (4) and (4m).

c. Whether the person refused to permit the test. . . .

6. That, if it is determined that the person refused the test, there will be an order for the person to comply with assessment and a driver safety plan.

In most civil actions in Wisconsin, a summons and complaint must be served on the defendant. *See* §§ 801.11 and 801.14, STATS. The purpose of the complaint is to give notice of the nature of the claim. *Morgan v. Pennsylvania Gen. Ins. Co.*, 87 Wis. 2d 723, 731, 275 N.W.2d 660, 664 (1979). Likewise, the notice of intent to revoke gives a defendant notice of the allegations pursuant to which the State intends to revoke the defendant's operating privilege. Chapter 804, STATS., on the other hand, provides for depositions, interrogatories and other forms of discovery.

The plain language of § 801.01(2), STATS., provides that Chapter 804, STATS., governs practice in circuit courts in all special proceedings "except where different procedure is prescribed by statute or rule." Section 343.305, STATS., does not provide a different means for a defendant in a refusal hearing to obtain depositions, interrogatories and other discovery, nor does it provide that discovery is not available prior to refusal hearings.[6] Because the statutes do not provide different discovery procedures for refusal hearings, we conclude that the discovery procedures of Chapter 804 apply.

The State argues that it would be inconsistent with the purpose behind drunk driving laws to allow discovery prior to refusal hearings.[7] The Wisconsin

---

[6] Section 345.421, STATS., provides that defendants to civil and criminal traffic proceedings may not obtain discovery except in limited circumstances. The legislature could have provided that discovery is also not available in refusal hearings, but it did not do so.

[7] The State cites *State v. Brooks*, 113 Wis. 2d 347, 359, 335 N.W.2d 354, 359 (1983), in which the court stated that the

Supreme Court, however, has stated that when statutory language is clear and unambiguous, we are to ascertain the legislature's intent by construing the plain language of the statute. We are then not to look to the statute's scope, history, context, subject matter or purpose. *UFE Inc. v. LIRC*, 201 Wis. 2d 274, 281-82, 548 N.W.2d 57, 60 (1996). We agree that discovery adds some time to a case. But § 801.01(2), STATS., is clear. We would have to ignore the supreme court's holding in *UFE* were we to adopt the State's argument. It is a legislative function to say that because of one statute's purpose, we will add language which simply does not now exist to another statute. This is an error correcting court. *State ex rel. Swan v. Elections Bd.*, 133 Wis. 2d 87, 93, 394 N.W.2d 732, 735 (1986). What the State asks us to do is hardly error correcting.

The State does not argue that the statutes are ambiguous. We, too, have concluded that § 801.01(2), STATS., unambiguously states that Chapter 804, STATS., applies to refusal hearings except where different procedure is prescribed by statute. We have also concluded that neither § 343.305, STATS., nor any other statute provides a procedure for discovery in refusal hearings different than the procedure set forth in Chapter 804. Because both § 343.305 and § 801.01(2) are clear and unambiguous with respect to the issue in this case, we conclude that the discovery procedures contained in Chapter 804 apply to refusal hearings.

purpose behind drunk driving laws is "to get drunk drivers off the road as expeditiously as possible and with as little possible disruption of the court's calendar."

*By the Court.*—Order reversed and cause remanded.