# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2011AP2888 |
| COMPLETE TITLE: | Village of Elm Grove, |
| |       Plaintiff-Respondent, |
| |   v. |
| | Richard K. Brefka, |
| |       Defendant-Appellant-Petitioner. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
Reported at 343 Wis. 2d 680, 819 N.W.2d 563
(Ct. App. 2012 – Unpublished)

| | |
|---|---|
| OPINION FILED: | June 26, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | March 13, 2013 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | Circuit |
|   COUNTY: | Waukesha |
|   JUDGE: | Mark D. Gundrum |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

For the defendant-appellant-petitioner, there were briefs by *Andrew Mishlove* and *Lauren Stuckert*, and *Law Offices of Andrew Mishlove*, Glendale, and oral argument by *Andrew Mishlove*.

For the plaintiff-respondent, there was a brief by *Douglas Hoffer*, and *de la Mora & de la Mora*, Elm Grove, and oral argument by *Douglas Hoffer*.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2011AP2888
(L.C. No.   2011CV2837)

STATE OF WISCONSIN                    :          IN SUPREME COURT

**Village of Elm Grove,**

      Plaintiff-Respondent,

   v.

**Richard K. Brefka,**

      **Defendant-Appellant-Petitioner.**

**FILED**

**JUN 26, 2013**

Diane M. Fremgen
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals. *Affirmed.*

¶1    ANN  WALSH  BRADLEY,  J.    The  petitioner,  Richard  K. Brefka  (Brefka),  seeks  review  of  an  unpublished  opinion  of  the court  of  appeals  affirming  a  decision  of  the  circuit  court, denying  Brefka's  request  for  an  extension  of  time.[1]    Brefka  was arrested  for  operating  a  vehicle  while  intoxicated  and apparently  refused  a  chemical  test  to  ascertain  his  blood

---

[1] Village  of  Elm  Grove  v.  Brefka,  No.  2011AP2888, unpublished  slip  op,  (Ct.  App.  Jun.  19,  2012),  affirming  the circuit  court  for  Waukesha  County,  Mark  D.  Gundrum,  J., presiding.

alcohol concentration. He subsequently filed a request for a refusal hearing, but did not file his request within ten days after he was served with a notice of intent to revoke his operating privileges as required by Wis. Stat. §§ 343.305(9)(a)4. and (10)(a) (2009-10). He sought to extend the time period in which he was allowed to file a request for a refusal hearing due to excusable neglect.

¶2   The circuit court concluded that because Brefka did not file a request for a refusal hearing within the required ten-day time limit, it lacked competency to hear his request to extend that time limit. It therefore denied Brefka's motion to extend the ten-day time limit and dismissed his request for a refusal hearing, remanding the case to the Village of Elm Grove municipal court (the municipal court) for disposition.

¶3   The Village of Elm Grove (the Village) argues that Wis. Stat. §§ 343.305(9)(a)4. and (10)(a) set forth a mandatory requirement to request a refusal hearing within the ten-day time limit that may not be extended due to excusable neglect. It asserts that because the statute does not allow the circuit court to extend the ten-day time limit, the circuit court lacked competency to hear Brefka's request.

¶4   We conclude that the circuit court is without competency to hear Brefka's request to extend the ten-day time limit set forth in Wis. Stat. §§ 343.305(9)(a)4. and (10)(a). The ten-day time limit is a mandatory requirement that may not be extended due to excusable neglect. Because the mandatory ten-day time limit is central to the statutory scheme, the

circuit court lacked competency to hear Brefka's request to extend it. Accordingly, we affirm the court of appeals.

I

¶5 The facts of this case are undisputed.

¶6 On December 12, 2010, law enforcement officers from the Village arrested Brefka and issued him a "Notice of Intent to Revoke Operating Privilege" (the Notice of Intent). The Notice of Intent stated that Brefka had refused a chemical test and identified the date of refusal as December 12, 2010. It also notified Brefka that he had ten days from the date of the notice to file a request for a refusal hearing:

> You refused a request to submit to a test or tests under 343.305(3) Wis. Stats. Because of this refusal, your operating privilege may be revoked.
>
> You have 10 days from the date of this notice to file a request for a hearing on the revocation with the court named below. . . . If you do not request a hearing, the court must revoke your operating privileges 30 days from the date of this notice.

¶7 Brefka filed a request for a refusal hearing on December 28, 2010. The municipal court scheduled a refusal hearing, but the Village filed a motion to strike Brefka's request for the refusal hearing because Brefka had not submitted his request within the required ten days under Wis. Stat. §§ 343.305(9)(a)4. and (10)(a).[2]

---

[2] All references to the Wisconsin Statutes are to the 2009-10 version unless otherwise indicated. Wisconsin Stat. § 343.305(9)(a)4. provides as follows, in relevant part:

> (9) Refusals; notice and court hearing. (a) If a person refuses to take a test under sub. (3)(a), the

¶8 Although Brefka conceded that his request for a refusal hearing was untimely, he requested that the municipal court extend the ten-day time limit. He alleged that "judgment was entered due to . . . excusable neglect."

¶9 At a hearing, the municipal court concluded that Brefka's failure to request a refusal hearing within the ten-day time limit meant that it lacked competency to hear Brefka's request to extend the time limit:

> law enforcement officer shall immediately prepare a notice of intent to revoke, by court order under sub. (10), the person's operating privilege. . . . The notice of intent to revoke the person's operating privilege shall contain substantially all of the following information:
>
> . . . .
>
> 4. That the person may request a hearing on the revocation within 10 days by mailing or delivering a written request to the court whose address is specified in the notice. If no request for a hearing is received within the 10-day period, the revocation period commences 30 days after the notice is issued.

Additionally, Wis. Stat. § 343.305(10)(a) provides as follows, in relevant part:

> (10) Refusals; court-ordered revocation. (a) If the court determines under sub. (9)(d) that a person improperly refused to take a test or if the person does not request a hearing within 10 days after the person has been served with the notice of intent to revoke the person's operating privilege, the court shall proceed under this subsection. If no hearing was requested, the revocation period shall begin 30 days after the date of the refusal. If a hearing was requested, the revocation period shall commence 30 days after the date of refusal or immediately upon a final determination that the refusal was improper, whichever is later.

4

I can't even hear this matter because the refusal wasn't requested within the 10 day time frame under 343.305(9). It wasn't requested within 10 days. . . . Counsel for the defense . . . I would like to hear from you...I know you're making the request that I extend the time limit but when we're talking about competency of the court I can't even hear the Motion. I don't have competency to do anything on this matter and it's my position that I can do nothing.

The municipal court therefore denied Brefka's request to extend the ten-day time limit and dismissed his request for a refusal hearing.[3]

¶10 Brefka appealed to the Waukesha County Circuit Court. The Village filed a motion to dismiss, arguing that the circuit court lacked competency to hear Brefka's request to extend the ten-day time limit.

¶11 At a motion hearing, the circuit court determined that it lacked competency. Examining the text of Wis. Stat. § 343.305(9)(a)4., the circuit court reasoned that the statute is "very clear, very specific" and that it "clearly says ten days without question." Accordingly, the circuit court concluded that it was "without competency to really address the appeal," and granted the Village's motion to dismiss, remanding the case to the municipal court for disposition.

---

[3] The municipal court hearing transcript is incomplete because the recording device used at the hearing stopped recording partway through the hearing without the knowledge of court personnel. The municipal court's ultimate disposition of the case is not in the transcript of the hearing, but the parties agree that the municipal court denied Brefka's request to extend the ten-day time limit on the ground of competency and ultimately dismissed his untimely request for a refusal hearing.

¶12 Brefka appealed to the court of appeals following the circuit court's determinations. The court of appeals affirmed the circuit court, concluding that "[t]he plain language of the statute is abundantly clear." Village of Elm Grove v. Brefka, No. 2011AP2888, unpublished slip op, ¶6 (Ct. App. Jun. 19, 2012). Wisconsin Stat. §§ 343.305(9)(a)4. and (10)(a) "impose a mandatory obligation on the circuit court to revoke a person's operating privilege if he or she does not file a request for a refusal hearing within ten days of the notice of intent to revoke." Id., ¶10. The court of appeals noted that the ten-day time limit is a "different procedure" from the general rules of civil procedure, and that pursuant to Wis. Stat. § 801.01(2), the rules of civil procedure that allow for relief due to excusable neglect do not apply.[4] Id. Ultimately, it concluded that the circuit court lacked competency to hear Brefka's request to extend the ten-day time limit, stating that "failure to observe statutory time limits deprives a court of competency." Id., ¶13.

II

---

[4] Wisconsin Stat. § 801.01(2) states the following:

(2) Scope. Chapters 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions and special proceedings whether cognizable as cases at law, in equity or of statutory origin except where different procedure is prescribed by statute or rule. Chapters 801 to 847 shall be construed to secure the just, speedy and inexpensive determination of every action and proceeding.

¶13 In this case, we are called upon to review whether the circuit court has competency to hear Brefka's motion to extend the ten-day time limit for requesting a refusal hearing set forth in Wis. Stat. §§ 343.305(9)(a)4. and (10)(a) due to excusable neglect. Whether a court has competency presents a question of law that we review independently of the determinations of the circuit court and the court of appeals. Village of Trempealeau v. Mikrut, 2004 WI 79, ¶7, 273 Wis. 2d 76, 681 N.W.2d 190.

¶14 In order to determine whether the circuit court has competency, we must interpret Wis. Stat. § 343.305, also known as the implied consent law. The interpretation of a statute presents a question of law, which we also review independently of the determinations rendered by the circuit court and the court of appeals. State v. Leitner, 2002 WI 77, ¶16, 253 Wis. 2d 449, 646 N.W.2d 341.

III

¶15 The Village argues that the circuit court does not have competency to hear Brefka's request to extend the ten-day time limit set forth in Wis. Stat. §§ 343.305(9)(a)4. and (10)(a). It advances that the ten-day time limit to request a refusal hearing and the subsequent requirement that operating privileges be revoked commencing 30 days after refusal if no hearing is requested are mandatory requirements. Finally, it contends that the mandatory nature of the statutory requirements demonstrates that the legislative purpose of the statutory

7

scheme can be fulfilled only if the ten-day time limit cannot be extended due to excusable neglect.

¶16 The circuit court's determination of competency refers to its "ability to exercise the subject matter jurisdiction vested in it" by Article VII, Section 8 of the Wisconsin Constitution. Mikrut, 273 Wis. 2d 76, ¶9. That section of the constitution states that "[e]xcept as otherwise provided by law, the circuit court shall have original jurisdiction in all matters civil and criminal within this state." Wis. Const. art. VII, § 8. Although the circuit court may not be deprived of jurisdiction "[e]xcept as otherwise provided by law," it may lack competency to render a valid order or judgment in a civil or criminal matter when the parties fail to meet certain statutory requirements.[5] Mikrut, 273 Wis. 2d 76, ¶9.

¶17 A statutory time limit is one type of statutory requirement that may result in a loss of the circuit court's competency, if a party fails to satisfy it. Id., ¶13. However, noncompliance with a mandatory statute does not always translate into a loss of competency. State v. Bollig, 222 Wis. 2d 558, 566, 587 N.W.2d 908 (Ct. App. 1998) (citing State v. Kywanda F., 200 Wis. 2d 26, 33, 546 N.W.2d 440 (1996)). Sometimes the

---

[5] However, this court has urged that "the critical focus is not . . . on the terminology used to describe the court's power to proceed in a particular case. The focus is on the effect of non-compliance with a statutory requirement on the circuit court's power to proceed." Miller Brewing Co. v. LIRC, 173 Wis. 2d 700, 705 n.1, 495 N.W.2d 660 (1993) (describing the differences between subject matter jurisdiction and competency).

"legislative purpose of the statutory scheme [can] be fulfilled, without strictly following the statutory directive." Id. at 567-68.

¶18 To determine whether the circuit court lacked competency to hear Brefka's motion to extend the ten-day time limit set forth in Wis. Stat. §§ 343.305(9)(a)4. and (10)(a), we must evaluate "the effect of noncompliance on the court's power to proceed in the particular case before the court." Mikrut, 273 Wis. 2d 76, ¶10. Failures to abide by statutory mandates that are "central to the statutory scheme" of which they are a part will deprive the circuit court of competency. Id.

¶19 We therefore look to the requirements imposed by the relevant statutory scheme to evaluate whether the circuit court has competency to hear Brefka's motion that the ten-day time limit be extended due to excusable neglect. The ten-day time limit is set forth in Wis. Stat. § 343.305, also known as the implied consent law. This court recently summarized the general procedures contained in the implied consent law as follows:

> Wisconsin Statute § 343.305, known as the implied consent law, provides that any person who drives on the public highways of this state is deemed to have consented to chemical testing upon request by a law enforcement officer. Upon arrest of a person for violation of an OWI-related statute, a law enforcement officer may request the person to provide a blood, breath, or urine sample for chemical testing. Wis. Stat. § 343.305(3)(a). At the time of the request for a sample, the officer must read to the person certain information set forth in § 343.305(4), referred to as the Informing the Accused form.
>
> If the person submits to chemical testing and the test reveals the presence of a detectable amount of a

9

restricted controlled substance or a prohibited alcohol concentration, the person is subjected to an administrative suspension of his operating privileges. Wis. Stat. § 343.305(7)(a). The person has the right to an administrative hearing and to judicial review. Wis. Stat. § 343.305(8). The administrative hearing is limited to certain issues that are set forth by statute. Wis. Stat. § 343.305(8)(b)2.

If, on the other hand, the person refuses to submit to chemical testing, he is informed of the State's intent to immediately revoke his operating privileges. Wis. Stat. § 343.305(9)(a). The person is also informed that he may request a refusal hearing in court. Wis. Stat. § 343.305(9)(a)4.

State v. Anagnos, 2012 WI 64, ¶¶22-24, 341 Wis. 2d 576, 815 N.W.2d 675. This case concerns a single, narrow aspect of the procedures set forth in the implied consent law——the required time period in which a person must request a refusal hearing after refusing to submit to chemical testing.[6]

¶20 A person must file a request for a refusal hearing within ten days after the service of the Notice of Intent in order to proceed to a refusal hearing under Wis. Stat. § 343.305(9)(a)4. A person "may request a hearing on the revocation within 10 days by mailing or delivering a written request to the court whose address is specified in the notice," but "[i]f no request for a hearing is received within the 10-day period, the revocation period commences 30 days after the notice is issued." Wis. Stat. § 343.305(9)(a)4.

---

[6] As indicated, this case concerns only a single, narrow aspect of the statutory refusal procedures set forth in the implied consent law. Brefka raises no constitutional challenges in this case. But see Missouri v. McNeely, 133 S. Ct. 1552 (2013).

¶21 Likewise, Wis. Stat. § 343.305(10)(a) states that "if the person does not request a hearing within 10 days after the person has been served with the notice of intent to revoke the person's operating privilege, the court shall proceed under this subsection," and "[i]f no hearing was requested, the revocation period shall begin 30 days after the date of the refusal." Id. Different revocation periods are set forth that take into account the person's previous suspensions, revocations, or convictions. Wis. Stat. § 343.305(10)(b).

¶22 In this case, it is undisputed that Brefka was informed in the Notice of Intent that he may request a refusal hearing within ten days of the date it was served upon him. Wis. Stat. § 343.305(9)(a)4. Additionally, all agree that Brefka did not file a request for a refusal hearing within the required ten-day time limit.[7] Thus, according to the text of the implied consent law, the next step in the statutory procedures is that the circuit court "shall" proceed to order revocation of his operating privileges, which is to commence 30 days after the date of refusal. Wis. Stat. § 343.305(10)(a). The parties, however, dispute whether the word "shall" is mandatory or directory in nature, and whether it ultimately deprives the

---

[7] Brefka directly states in his briefing to this court that he "did not [file a request for a refusal hearing] within the ten-day statutory time limit."

11

circuit court of competency to hear Brefka's request to extend the ten-day time limit.[8]

¶23 The word "shall" is ordinarily presumed to be mandatory when it appears in a statute, but may be construed as directory if necessary to carry out the legislature's clear intent.  Karow v. Milwaukee Cnty. Civil Serv. Comm'n, 82 Wis. 2d 565, 570-71, 263 N.W.2d 214 (1978).[9]  In Karow, this court interpreted a statute that set forth a time limit to hold an administrative hearing before the Milwaukee County Civil Service Commission.  Id. at 568.  Karow, a deputy sheriff in Milwaukee County, was suspended without pay after a complaint was filed against him by the Milwaukee County Sheriff.  Id. at 566-67.  A hearing before the Civil Service Commission was scheduled, but the assistant corporation counsel assigned to the case became ill and a substitution of counsel was made.  Id. at 567.  The

---

[8] Construing the word "shall" as merely directory arguably allows the circuit court discretion to extend the ten-day time limit due to excusable neglect.  See Eby v. Kozarek, 153 Wis. 2d 75, 79, 83, 450 N.w.2d 249 (1990) (a directory time limit "d[id] not necessarily deprive the [circuit] court of competency to exercise its jurisdiction" and did not "mandate dismissal of the case.").

[9] See also Eby, 153 Wis. 2d at 79 ("Under general principles of statutory construction, the word 'shall' in a statute setting a time limit is ordinarily presumed to be mandatory."); GMAC Mortg. Corp. v. Gisvold, 215 Wis. 2d 459, 477, 572 N.W.2d 466 (1998); Cross v. Soderbeck, 94 Wis. 2d 331, 340, 288 N.W.2d 779 (1980); City of Wauwatosa v. Milwaukee Cnty., 22 Wis. 2d 184, 191, 125 N.W.2d 386 (1963) ("Generally in construing statutes, 'may' is construed as permissive and 'shall' is construed as mandatory unless a different construction is demanded by the statute in order to carry out the intent of the legislature.").

new assistant corporation counsel requested that the Civil Service Commission postpone the hearing because he had not had time to prepare the case. Id. at 567-68.

¶24 Karow objected to the delay, but the hearing was postponed. Id. at 568. He later argued that the Civil Service Commission was statutorily required to hold the hearing within three weeks of the date the charges were filed against him, and because that did not happen, he was entitled to a reinstatement. Id. The statute that set forth the time limit, Wis. Stat. § 63.10(2), provided that the Civil Service Commission "shall" appoint a time and place for the hearing within three weeks after the complaint was filed. Id.

¶25 The Karow court took note of the statute's use of the word "shall" and considered whether it was mandatory or directory. Id. at 570. It ultimately set forth several factors for use in evaluating whether a statute's use of the term "shall" is mandatory or directory. The factors to be considered are: the inclusion or omission of a "prohibition or a penalty" in the statute, "the consequences resulting from one construction or the other," "the nature of the statute," "the evil to be remedied," and "the general object sought to be accomplished" by the legislature. Id. at 572.

¶26 A review of the factors set forth in Karow indicate that the ten-day time limit in this case is mandatory rather than directory. Most significantly, the implied consent law sets forth a penalty for noncompliance with the ten-day time limit. Wisconsin Stat. § 343.305(10)(a) directs that revocation

13

is to commence 30 days after the date of refusal if no hearing is requested.   The inclusion of a penalty for noncompliance suggests that the term "shall" is mandatory.

¶27 Additionally, construing the word "shall" as directory under these circumstances could have profound consequences for the penalties that the legislature has set forth for improper refusals.   Wisconsin Stat. § 343.305(10) sets forth a penalty structure for improper refusals that depends upon whether a person requests a refusal hearing within ten days of service of the Notice of Intent.   Wis. Stat. § 343.305(10)(a).   If additional litigation over extension of the ten-day time limit occurs, the other penalty requirements set forth in the implied consent law that depend upon timely revocation may be thrown into question.[10]

¶28 Significantly, when a person is penalized for his first improper refusal, the court "shall revoke the person's operating privilege for one year."   Wis. Stat. § 343.305(10)(b)2.   The revocation period is to begin 30 days from the date of the refusal when no hearing was requested within ten days of service of the Notice of Intent. Wis. Stat. § 343.305(10)(a).   Yet, the implied consent law provides no mechanism to reclaim the time lost to litigation if that penalty

---

[10] For example, a person may be eligible for an occupational license after the first 30 days of the revocation period. See Wis. Stat. § 343.305(10)(b)2.   If it is unclear when the revocation period is to commence, then the time in which a person may seek an occupational license is also uncertain. Id.

14

is required because no timely request for a refusal hearing was ultimately filed.

¶29 Therefore, the revocation period might not extend a full year if more than 30 days is spent litigating whether there was excusable neglect for not timely filing the request. The statute requires that the revocation period must commence 30 days after refusal, but simultaneously requires that the revocation period end one year after it is to commence. The penalty structure could be subject to ambiguity in determining how long a penalty must last.

¶30 To inject such ambiguity into an otherwise precise penalty structure appears to be at odds with the nature of the implied consent law and its legislative purposes. This court has stated the legislative purposes of the implied consent law in prior cases. It is meant to "obtain the blood-alcohol content in order to obtain evidence to prosecute drunk drivers," which is "to be used to secure convictions" for operating a motor vehicle while under the influence. State v. Brooks, 113 Wis. 2d 347, 355-56, 335 N.W.2d 354 (1983).

¶31 Thus, the "clear policy of the statute is to facilitate the identification of drunken drivers and their removal from the highways." State v. Neitzel, 95 Wis. 2d 191, 193, 289 N.W.2d 828 (1980). More pointedly, its purpose is "to get drunk drivers off the road as expeditiously as possible and with as little possible disruption of the court's calendar." Brooks, 113 Wis. 2d at 359; see also State v. McMaster, 206 Wis. 2d 30, 46, 556 N.W.2d 673 (1996) (concluding that the purposes

15

stated in <u>Brooks</u> "speak to the overarching goal of all drunk driving laws in this state.").

¶32 Nothing enumerated in those legislative purposes is consistent with the concept of extending the ten-day time limit due to excusable neglect. The promise of prompt revocation following an improper refusal is a powerful incentive to submit to chemical testing, the result of which is likely to be key evidence in any case where a driver is charged with operating a motor vehicle while intoxicated. <u>See</u> Wis. Stat. § 346.63 (criminalizing the operation of a motor vehicle while intoxicated and setting forth prohibited blood alcohol concentrations). Eroding the precise penalty structure set forth in the implied consent law and allowing for the delay of refusal hearings diminishes any incentive to immediately consent to a chemical test.

¶33 Extensions of the ten-day time limit also work to keep suspected drunk drivers on the highways despite their refusal to provide key evidence in their identification as drunk drivers. A delayed refusal hearing likely entails a delay in any revocation which might later occur, even assuming excusable neglect exists in a given case. That delay is inconsistent with the "clear policy" of the implied consent law, which is to "facilitate the identification of drunk drivers and their removal from the highways." <u>Neitzel</u>, 95 Wis. 2d at 193.

¶34 Furthermore, extensions of the ten-day time limit fail to "get drunk drivers off the road as expeditiously as possible and with as little possible disruption of the court's calendar."

16

<u>Brooks</u>, 113 Wis. 2d at 359.  Additional litigation to extend an otherwise precise ten-day time limit is a source of disruption to the court's calendar where no such disruption exists if the ten-day time limit is construed as mandatory.  Accordingly, the <u>Karow</u> factors counsel that the use of the term "shall" in Wis. Stat. § 343.305(10)(a) should be construed as mandatory, not directory.[11]

¶35 Despite the legislative mandate that the required time limit is ten days after service of the Notice of Intent, Brefka maintains that the statutory scheme allows for its extension due to excusable neglect because the rules of civil procedure generally allow for relief from judgments or orders on that ground.[12]  No provision authorizing an extension of the ten-day time limit due to excusable neglect is found in the text of Wis. Stat. § 343.305(9)(a)4.  The text of Wis. Stat. § 343.305(10)(a) likewise makes no provision for its extension on that ground.

---

[11] The mandatory nature of the revocation that follows a failure to request a refusal hearing is reinforced by this court's analysis in <u>State v. Piddington</u>, 2001 WI 24, ¶35, 241 Wis. 2d 754, 623 N.W.2d 528, which characterized the revocation as "automatic."  In that case, this court noted that "an accused driver could challenge automatic revocation of his or her license for refusing to submit to a chemical test under Wis. Stat. § 343.305(9)."  <u>Id.</u>

[12] Excusable neglect has been defined as "that neglect which might have been the act of a reasonably prudent person under the same circumstances," but which is not "synonymous with neglect, carelessness or inattentiveness."  <u>Casper v. American Int'l South Ins. Co.</u>, 2011 WI 81, ¶37, 336 Wis. 2d 267, 800 N.W.2d 880.

¶36  Procedures that arguably allow for an extension on the ground of excusable neglect are, however, found in three other procedural statutes, Wis. Stat. §§ 800.115,[13] 801.15(2)(a),[14] and 806.07.[15]  Because Wis. Stat. § 801.01(2) applies the rules of

_____

[13] Wisconsin Stat. § 800.115, a municipal court procedure statute, states as follows, in relevant part:

> (1) A defendant may within 6 months after the judgment is entered move for relief from the judgment because of mistake, inadvertence, surprise, or excusable neglect.

[14] Wisconsin Stat. § 801.15(2)(a), a general civil procedure statute, states as follows, in relevant part:

> (2)(a) When an act is required to be done at or within a specified time, the court may order the period enlarged but only on motion for cause shown and upon just terms. The 90 day period under s. 801.02 may not be enlarged. If the motion is made after the expiration of the specified time, it shall not be granted unless the court finds that the failure to act was the result of excusable neglect. The order of enlargement shall recite by its terms or by reference to an affidavit in the record the grounds for granting the motion.

[15] Wisconsin Stat. § 806.07, a general civil procedure statute, states as follows, in relevant part:

> (1) On motion and upon such terms as are just, the court, subject to subs. (2) and (3), may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:
>
> (a) Mistake, inadvertence, surprise, or excusable neglect;
>
> . . . .
>
> (2) The motion shall be made within a reasonable time, and, if based on sub. (1)(a) or (c), not more than one year after the judgment was entered or the order or stipulation was made. A motion based on sub. (1)(b)

18

civil procedure to special proceedings and a refusal hearing is a special proceeding, Brefka contends that the ten-day time limit set forth in Wis. Stat. §§ 343.305(9)(a)4. and (10)(a) may be extended by the operation of Wis. Stat. §§ 801.01(2), 800.115, 801.15(2)(a), and 806.07, relying on State v. Schoepp, 204 Wis. 2d 266, 554 N.W.2d 236 (Ct. App. 1996).

¶37  In Schoepp, the court of appeals applied Wis. Stat. § 801.01(2) to refusal hearings.  Id. at 271.  The defendant was arrested for operating a motor vehicle while under the influence of an intoxicant.  Id. at 269.  After he refused to submit to a chemical test and was issued a notice of intent to revoke his operating privilege, he filed a request for a refusal hearing. Id.  Before the refusal hearing was held, the defendant issued subpoenas for the deposition of the arresting officer and other law enforcement officials who were involved in his arrest and the events leading up to his alleged refusal.  Id.

¶38  Interpreting Wis. Stat. § 801.01(2), the Schoepp court determined that because Wis. Stat. § 343.305 does not provide a different procedure for a defendant to obtain discovery, the civil procedure statutes relating to discovery applied to the refusal hearing.  Id. at 272.  The "plain language" of Wis.

shall be made within the time provided in s. 805.16. A motion under this section does not affect the finality of a judgment or suspend its operation. This section does not limit the power of a court to entertain an independent action to relieve a party from judgment, order, or proceeding, or to set aside a judgment for fraud on the court.

Stat. § 801.01(2) required that the general discovery rules apply in refusal hearings "except where different procedure is prescribed by statute or rule."[16]  Id.

¶39  Unlike Schoepp, here the legislature has set forth a "different procedure" from the general rules of civil procedure. Wisconsin Stat. §§ 343.305(9)(a)4. and (10)(a) impose a mandatory requirement that the refusal hearing must be requested within ten days of service of the Notice of Intent.  The penalty for a refusal followed by a failure to request a refusal hearing within ten days is also mandatory in requiring that "[i]f no hearing was requested, the revocation period shall begin 30 days after the date of the refusal."  Id. at (10)(a).

¶40  Because the legislature has set forth a mandatory ten-day time limit with precise penalties that rely on whether the

---

[16] In 2006, the legislature amended Wis. Stat. § 343.305(9)(a) to limit discovery in refusal hearings.  It presently states as follows, in relevant part:

(9) Refusals; notice and court hearing. (a)

. . . .

Neither party is entitled to pretrial discovery in any refusal hearing, except that, if the defendant moves within 30 days after the initial appearance in person or by an attorney and shows cause therefor, the court may order that the defendant be allowed to inspect documents, including lists of names and addresses of witnesses, if available, and to test under s. 804.09, under such conditions as the court prescribes, any devices used by the plaintiff to determine whether a violation has been committed.

See 2005 Wisconsin Act 332, § 4.

time limit is met, the legislature has provided a "different procedure" that governs pursuant to Wis. Stat. § 801.01(2). Accordingly, Wis. Stat. §§ 800.115, 801.15(2)(a), and 806.07 do not allow for the extension of the ten-day time limit due to excusable neglect. Wis. Stat. § 801.01(2); see Schoepp, 204 Wis. 2d at 272.

¶41 Having determined that the implied consent law sets forth a mandatory ten-day time limit to request a refusal hearing that may not be extended due to excusable neglect, we turn to evaluate the effect of noncompliance on the court's competency to hear Brefka's request that it be extended. Although the mere fact that a statutory time limit is mandatory does not always result in a loss of competency, in this case the mandatory ten-day time limit is "central to the statutory scheme." Bollig, 222 Wis. 2d at 566; Mikrut, 273 Wis. 2d 76, ¶10. The central role that the ten-day time limit plays within the statutory scheme is revealed when it is placed in the context of the legislative purposes of the implied consent law.

¶42 The mandatory obligation on the circuit court to revoke a person's operating privilege if he does not file a request for a refusal hearing within ten days of service of the Notice of Intent furthers the legislative purposes of the implied consent law. As discussed above, it assists with "obtain[ing] the blood-alcohol content in order to obtain evidence to prosecute drunk drivers," which is then "to be used to secure convictions" for operating while under the influence. Brooks, 113 Wis. 2d at 355-56. Additionally, it "facilitate[s]

21

the identification of drunken drivers and their removal from the highways." State v. Neitzel, 95 Wis. 2d 191, 193, 289 N.W.2d 828 (1980).  Finally, it "get[s] drunk drivers off the road as expeditiously as possible and with as little possible disruption of the court's calendar." Brooks, 113 Wis. 2d at 359.

¶43 On the other hand, extensions of the ten-day time limit due to excusable neglect arguably change the precise penalty structure set forth in the implied consent law, and those changes appear contrary to its legislative purposes. See supra, ¶¶31-35.  Therefore, those legislative purposes cannot be fulfilled without strictly following the statutory mandate that a refusal hearing must be requested within ten days of service of the Notice of Intent. Mikrut, 273 Wis. 2d 76, ¶11 (quoting Bollig, 222 Wis. 2d at 568-69).  Given the necessity of a mandatory ten-day time limit to accomplish the legislative purposes of the implied consent law under these circumstances, we conclude that it is "central to the statutory scheme" and accordingly, the circuit court lacks competency to hear Brefka's request to extend it due to excusable neglect. Id., ¶10.

IV

¶44 In sum, we conclude that the circuit court is without competency to hear Brefka's request to extend the ten-day time limit set forth in Wis. Stat. §§ 343.305(9)(a)4. and (10)(a). The ten-day time limit is a mandatory requirement that may not be extended due to excusable neglect.  Because the mandatory ten-day time limit is central to the statutory scheme, the

22

circuit court lacked competency to hear Brefka's request to extend it.  Accordingly, we affirm the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.