COURT OF APPEALS
DECISION
DATED AND FILED

October 15, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP31**

Cir. Ct. No. **2019TR5045**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

VILLAGE OF LOMIRA,

    PLAINTIFF-RESPONDENT,

V.

PHILLIP N. BENNINGHOFF,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Dodge County:  BRIAN A. PFITZINGER, Judge.  *Affirmed*.

¶1    BLANCHARD, J.[1]   A police officer arrested Phillip Benninghoff on a charge of operating a vehicle while intoxicated (OWI) and then issued him a

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

notice of intent to revoke his operating privileges, pursuant to Wisconsin's "implied consent" law, based on his alleged refusal to submit to a chemical test.[2] However, Benninghoff failed to file a request for a circuit court hearing on the refusal within ten days after he received the notice, which is the deadline established in WIS. STAT. § 343.305(9)(a)4. and (10)(a). Under the terms of § 343.305, the circuit court loses competency to entertain a refusal hearing request after ten days. *See* **Village of Elm Grove v. Brefka**, 2013 WI 54, 348 Wis. 2d 282, 832 N.W.2d 121 (2013). Based on Benninghoff's default on the allegation that he refused to comply with § 343.305, the circuit court entered a judgment revoking his operating privileges for one year and requiring that he complete an alcohol assessment and equip his vehicle with an ignition interlock for one year.

¶2      Now purporting to raise constitutional challenges to WIS. STAT. § 343.305, Benninghoff argues that the circuit court was obligated to grant the following motions that he filed in the circuit court, all after the ten-day period had lapsed: a motion requesting a refusal hearing; a motion for relief from judgment; and a motion to reconsider the court's denial of the motion for relief from judgment. For the following reasons, I affirm.

¶3      It is undisputed that the OWI arrest, alleged refusal, and the officer's delivery of the notice to Benninghoff occurred on August 31, 2019. However, it was not until September 30, 2019, that Benninghoff requested a refusal hearing.

---

[2]   An operator of a motor vehicle in Wisconsin is "deemed to have given consent to one or more tests of his or her breath, blood or urine, for the purpose of determining the presence or quantity … of alcohol … when requested to do so by a law enforcement officer." WIS. STAT. § 343.305(2). If an operator improperly refuses a request to take a test, a court shall revoke his or her operating privilege for a year, or longer, depending on the operator's record of past offenses or refusals. Section 343.305(10).

His motion stated in pertinent part that the court should schedule a hearing "due to [the] complexity of the legal issues presented, the need for factual discovery and confusion as to the timing of requesting a hearing per the language of the Notice of Intent to Revoke and verbal instructions received by the defendant from the arresting officer."

¶4      I pause to note that this tardy request did not purport to raise any particular issue that would not ordinarily be addressed at a refusal hearing. It also did not hint at any issue of constitutional dimension. It merely implied that there might be special factual circumstances affecting timing based on unspecified information that the officer conveyed to Benninghoff. Also notable, it lacked any reference to the language of WIS. STAT. § 343.305(10) or to *Brefka*, which as noted interprets the statute to establish that a circuit court has no discretionary authority to dismiss a refusal charge when a defendant fails to request a refusal hearing within the statutory ten-day time period. Nor did Benninghoff refer to *State v. Nordness*, 128 Wis. 2d 15, 28, 381 N.W.2d 300 (1986), which interprets the statute to establish that the issues at a refusal hearing are limited to the following: whether the officer had probable cause to believe that the person was driving under the influence of alcohol; whether the officer complied with the informational provisions of the implied consent law; whether the person refused to permit the test; and whether the refusal to submit to the test was due to a physical inability.

¶5      On the same day that Benninghoff filed this request for a hearing, the court entered the refusal judgment.

¶6      On October 22, 2019, more than three weeks after the court entered its judgment and 52 days after the officer's delivery of the notice to Benninghoff,

Benninghoff filed a motion for relief from judgment pursuant to WIS. STAT. § 806.07(a) (mistake), (c) (fraud), and (h) (catch-all), and "the Fifth and Fourteenth Amendments to the Constitution of the United States."[3] The basis for the motion was an attached affidavit of Benninghoff's counsel, which contained a mixture of averments of fact and, improperly, assertions of legal propositions. The following were the pertinent purported "averments":

> 7. The issuance of a default judgment of conviction in this action based upon the defendant's refusal to submit to an invasive blood draw test without a warrant, under the circumstance of this case[,] violates the Fourth Amendment … in that the implied consent statute, WIS. STAT. § 343.305, may govern the issuance of drivers licenses but does not supplant or overrule the Fourth Amendment … as set forth in the decision of the U.S. Supreme Court in ***Mitchell v. Wisconsin***, 139 S. Ct. 2525, 204 L. Ed. 2d 1040, 588 U.S. ___ (decided June 27, 2019) vacating and reversing the Supreme Court of Wisconsin decision in ***State v. Mitchell***, [2018 WI 84,] 383 Wis. 2d 192, 914 N.W.2d 151.
>
> 8. Upon information and belief, the acts of the defendant relied upon by the arresting officers as supporting "probable cause" to issue all of the charges in this case and the companion cases arising out of the aforesaid acts attributed to the defendant, occurred in an open grassy field and not upon any public or private road or highway of the State of Wisconsin. Accordingly, all charges against the defendant which require as a jurisdictional predicate that they occur on a public road, private road or highway of the State of Wisconsin are jurisdictionally defective and any judgment issued in reliance thereon is void.
>
> 9. The judgment of conviction entered herein is also jurisdictionally defective as a violation of due process of law as required by the Fifth and Fourteen Amendments

---

[3] The motion for relief from judgment also referred to WIS. STAT. § 806.02 ("Default judgment") and the attached affidavit of Benninghoff's counsel attempted to suggest a procedural challenge based on the absence of a summons. But Benninghoff has abandoned on appeal any argument to this effect.

> … in that the court has entered a judgment of conviction herein without the opportunity to exercise the procedural due process rights afforded all defendants in all civil actions prior to the entry of the civil judgment.
>
> 10. In addition, the judgment of conviction in this action[,] if allowed to stand, has material and significant impact on the defendant's future constitutional rights as a penalty enhancer in the event of future charges arising out of operating a motor vehicle under the influence of an intoxicant. |

Missing from these "averments," as with the earlier filed request for a refusal hearing, are any references to the unambiguous statutory interpretations in *Brefka* or *Nordness*. Specifically absent is an attempt to explain how any statement of the U.S. Supreme Court in *Mitchell* is inconsistent with the statutory rules as interpreted by our supreme court in *Brefka* and *Nordness*. Further, to the extent that this was intended to be the constitutional challenge to WIS. STAT. § 343.305 that Benninghoff now suggests, it also lacked any acknowledgement of the heavy burdens that a party takes on in challenging the constitutionality of a statute. *See State v. Dennis H.*, 2002 WI 104, ¶12, 255 Wis. 2d 359, 647 N.W.2d 851 ("'Every presumption must be indulged to sustain the law if at all possible and, wherever doubt exists as to a legislative enactment's constitutionality, it must be resolved in favor of constitutionality.'" (quoted source omitted)).

¶7  On October 24, 2019, the circuit court dismissed the motion for relief from judgment on the ground that the court lacked "competency to hear the requested relief," given the statutory rule explained in *Brefka*.

¶8  On November 12, 2019, Benninghoff moved the court to reconsider its October 24 order, and to

> grant defendant a "due process" hearing based upon the Fourteenth Amendment … WIS. STAT. § 806.07(1)(d) and (h) on the issues of (a) subject matter jurisdiction and (b)

5

> violation of the defendant's Fourth Amendment right to refuse to submit to a warrantless blood draw from his body solely at the request of a police officer in the absence of "exigent circumstances;" neither of which issues are identified as within the issues which are enumerated [as] those which can be adjudicated at a hearing requested within 10 days per WIS. STAT. § 343.305(9)(a)5. and (10), the "implied consent" statute. Accordingly, this motion is <u>not</u> a request to extend the 10 day period to hold a hearing on the limited issues specified in the "implied consent" statutory scheme and therefore is not subject to the holding in *Elm Grove v. Brefka*, 348 Wis. 2d 282 (2013); and is governed by *Mitchell v. Wisconsin*, __ U.S. __, 139 S. Ct. 2525 (2019); *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160 (2016) and *Missouri v. McNeely*, 569 U.S. 141, 133, S. Ct. 1552 (2013).

(Alteration in original.) This reconsideration motion was accompanied by an affidavit of Benninghoff, which was another mixture of factual averments and assertions of legal propositions.

¶9 On January 2, 2020, Benninghoff filed a memorandum of law. Here, Benninghoff purported to make two arguments. The first was that he had driven at the pertinent time on an open field, not a public highway, and that he had

> the "due process' right to a hearing on subject matter jurisdiction where the jurisdictional predicate underpinning a police officer's authority to invoke the "implied consent" statute is limited to the public highways of the State of Wisconsin and designated areas under WIS. STAT. § 346.61 per WIS. STAT. § 343.305(2).… The current wording of the "Notice of Intent To Revoke" form specifically informs the defendant that he or she cannot contest subject matter jurisdiction under the "implied consent" statute as an issue to be adjudicated at a statutory refusal hearing.

(Citation omitted.) Regarding this first reconsideration argument, I need not address its merits, given the bases to affirm noted below. But I observe that Benninghoff's argument regarding "subject matter jurisdiction" appears to confuse that concept with the related concepts of circuit court competency and its lack of

power to enforce laws that are void due to unconstitutionality. *See City of Eau Claire v. Booth*, 2016 WI 65, ¶¶14-19, 370 Wis. 2d 595, 882 N.W.2d 738.  I further note that Benninghoff's motion for relief from judgment does not cite WIS. STAT. § 806.07(1)(d) ("The judgment is void") as a ground to vacate the judgment. *See Booth*, 370 Wis. 2d 595, ¶18.

¶10   Benninghoff's second reconsideration argument was that the Supreme Court decision in *Mitchell* "reversed the Wisconsin Supreme Court['s] longstanding position that the 'implied consent' provisions of WIS. STAT. § 343.305(2) constitute a blanketly [sic] sufficient basis to satisfy the Fourth Amendment," and that *Mitchell* "rejected Wisconsin's reliance upon its 'implied consent' statute to authorize a non-consensual blood draw based simply upon the request of a police officer, without a warrant, and in the absence of 'exigent circumstances.'"   Further, Benninghoff asserted that in *Birchfield* the U.S. Supreme Court "allowed warrantless breath testing under 'implied consent' and 'incident to arrest' theory; but specifically rejected application of that rationale to allow blood tests."

¶11   On January 3, 2020, the circuit court heard oral arguments, after which it denied the motion to reconsider.  The court noted that, in order for Benninghoff to prevail on a motion to reconsider, he needed to present newly discovered evidence or show that the court made a manifest error of law or fact, citing *Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.*, 2004 WI App 129, ¶44, 275 Wis. 2d 397, 685 N.W.2d 853.  The court stated in pertinent part that Benninghoff

> has certainly not demonstrated any newly discovered facts. It appears that the only basis for a motion to reconsider would be a showing that the Court made a manifest error of law or fact….

> The decisions that were cited to the Court and briefed do not support a manifest error in law or fact. Quite the contrary, the primary decision that the defendant cites is ***Mitchell v. Wisconsin***, 139 S. Ct. 2525 (2019), which the defendant somehow or another believes supports his position. The decision in ***Mitchell*** far from supports the defendant's position. The facts in ***Mitchell*** and the circumstances addressed by ***Mitchell*** are significantly different than the circumstance presented in the present case…. A review of the balance of the cases cited by the defendant do not support his position. A reading of the cases decided subsequent to ***Brefka*** do not indicate any manifest error in law by this Court.

¶12 On appeal, Benninghoff purports to raise a facial constitutional challenge to WIS. STAT. § 343.305, essentially on the grounds that (1) the Supreme Court in ***Mitchell*** and ***Birchfield*** cast doubt on the lawfulness of state implied-consent laws that impose civil penalties on drivers who refuse to submit to a request for a blood draw; and (2) Wisconsin's statutory rule limiting the scope of issues at a refusal hearing, as interpreted in ***Nordness*** in 1986, is fatally inconsistent with discussion by the Supreme Court in ***South Dakota v. Neville***, 459 U.S. 553 (1983). He also purports to make an as applied constitutional challenge, based in large part on the proposition that he was somehow prevented from presenting an "open field" defense.

¶13 There are many problems with this appeal, including a failure to develop and support clear facial and as applied constitutional challenges to a statute. Neither side addresses the burdens that Benninghoff faces in challenging the constitutionality of a statute. *See **Dennis H.***, 255 Wis. 2d 359, ¶12. In any case, however, the following are three sufficient reasons to affirm.

¶14 First, as the Village notes, all of Benninghoff's "open fields" defense-based arguments could go nowhere. This is because, regardless of the merits of this potential defense, he forfeited the chance to offer it by failing to

timely request a refusal hearing. *See* ***State v. Anagnos***, 2012 WI 64, ¶¶4, 27, 341 Wis. 2d 576, 815 N.W.2d 675 (under WIS. STAT. § 343.305(9)(a)5.a., a defendant at a refusal hearing may contest whether he or she was lawfully placed under arrest; "the circuit court may entertain an argument that the arrest was unlawful because the traffic stop that preceded it was not justified by either probable cause or reasonable suspicion."). Benninghoff fails to provide a direct, coherent reply to this argument by the Village. In any case, however, whatever argument he intends to make must fail for at least the reason that he failed to pursue his opportunity to present his "open field" defense in the ordinary course at a refusal hearing triggered by a request made within the ten-day period. That is, at a timely requested hearing, Benninghoff could have relied on the alleged lack of evidence that he operated anywhere but on an open field, and from this argued that the officer lacked probable cause to arrest him for OWI and consequently lacked authority to request a blood sample under § 343.305. It is not clear precisely what percentage of Benninghoff's arguments this defeats, given the lack of clarity in his briefing, but it defeats all those based an alleged "open field" defense.

¶15    Turning to my second major point, as best I can discern from Benninghoff's thinly developed arguments on appeal, the court of appeals, in an opinion issued well before Benninghoff filed his reply brief on appeal, significantly undermines the balance of the arguments that he now attempts to make regarding U.S. Supreme Court precedent. *See* ***State v. Levanduski***, 2020 WI App 53, __ Wis. 2d __, 948 N.W.2d 411.[4]    Benninghoff's *entire* set of

---

[4] A petition for review is currently pending in our supreme court, but I believe that the pertinent discussion in ***State v. Levanduski***, 2020 WI App 53, __Wis. 2d __, 948 N.W.2d 411, is unlikely to be modified or reversed by our supreme court, even if the petition is granted.

constitutional arguments purport to rest on U.S. Supreme Court precedent that the court of appeals has characterized differently than Benninghoff does. This includes the court of appeal's discussion of *Neville* (at ¶¶7-8, 12-13 of *Levanduski*) and *Birchfield* (at ¶¶11-14 of *Levanduski*), all of which undermines Benninghoff's argument that WIS. STAT. § 343.305 "impinge[s] upon the accused's Fourth and Fourteenth Amendment rights" and is therefore "void and unenforceable." The specific context in *Levanduski* differs from the context here. Nevertheless, the court explained that the *Neville* opinion established that "'a person suspected of drunk driving has no constitutional right to refuse to take a blood-alcohol test,'" and that the *Birchfield* opinion "reiterated the lawfulness of implied-consent laws that impose 'civil penalties and evidentiary consequences' on motorists who refuse to submit to a blood draw." *Levanduski*, 948 N.W 2d 411, ¶¶7, 12. At a minimum, Benninghoff fails to show how these summaries of the U.S. Supreme Court cases that serve as the sole basis of his arguments could be consistent with the positions that he now takes. To cite only one of many missing pieces to the puzzle, Benninghoff fails even to attempt to explain why the circuit court here did not lose competency on the tenth day even if the related statutory rule, explained in *Nordness*, against raising issues beyond the limited refusal hearing issues is itself unconstitutional. In short, if there is a meritorious argument to be made on these potentially complex topics, Benninghoff has not begun to make it.

¶16 Third, the circuit court had a reasonable basis to reject the motion for a refusal hearing on the vague grounds offered and Benninghoff failed to provide a reasonable basis to grant relief from judgment, initially or on reconsideration, based on the undeveloped grounds offered. The circuit court displayed patience in entertaining these evolving assertions and partial arguments, despite the lack of

clarity and substance. At least as to the initial request for a hearing, it is highly significant that our supreme court explained in *Brefka* that the legislature has established a firm ten-day limit to circuit court competency, and the circuit court appropriately treated this rule as its starting point for analysis.

¶17 Expanding on this last point, as the background summary above reveals, Benninghoff failed time and again to present developed and potentially meritorious arguments to the circuit court, both regarding circuit court competency and constitutional law—indeed, even the very notion that he was purporting to raise any constitutional challenge. First, he waited until September 30 to request a refusal hearing, failing even to acknowledge the rule of *Brefka* and failing to articulate an argument that vaguely resembled the arguments he now makes on appeal. Second, he waited more than three weeks to file a motion for relief from judgment, and did not attempt to actually show mistake, fraud, or another sufficient reason for relief. This motion did not refer to, much less present a developed argument regarding, *Birchfield*, even though he now points to *Birchfield* as a linchpin for his argument. Third, he waited more than two weeks to file a motion to reconsider denial of his motion for relief from judgment, for the first time making a reference to *Birchfield*, but even then in an undeveloped manner. Benninghoff makes no serious effort now to explain why the circuit court was obligated, under any correct legal standard, to grant him relief from judgment based on the content of his October 22 submission, nor obligated to grant his motion for reconsideration based on the content of his November 12 submission. After failing to provide the circuit court with a purported reason why it might retain competency beyond the ten-day period, Benninghoff changed his tack to apparently assert that, as a matter of constitutional law, the circuit court lacked "subject matter jurisdiction" (apparently meaning competency) to revoke his

11

license under WIS. STAT. § 343.305. Only very late in the proceedings did he suggest to the circuit court the position that the statutory rule narrowing the scope of issues that may be raised at refusal hearings is unconstitutional under U.S. Supreme Court precedent, and even now he fails to support such an argument.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.