PER CURIAM.
¶1 This receivership case, resulting from an underlying breach-of-contract case, is reminiscent of a messy divorce. Former Metallurgical Associates, Inc., since rebranded as Old Metallurgical Associates (Old MAI), and Robert Hutchinson, one of Old MAI's two owners, appeal the order denying their motion to reopen the receivership case and the order sanctioning them for frivolously filing it. We affirm.
¶2 Hutchinson and Thomas Tefelske were eighteen-year business partners in Old MAI. Old MAI performed analysis of past or potential metal fatigue on large structures. Understandably, customers who engaged the company's services wanted their identities kept confidential.
¶3 When Tefelske decided to retire, the parties agreed on a sum and the period over which Hutchinson would buy out his interest. Hutchinson later failed to make the negotiated payments. In 2012, Tefelske sued him and Old MAI for breach of contract.[1] The parties ultimately consented to binding arbitration, the arbitrator decided in favor of Tefelske, and the circuit court confirmed the arbitration award. Tefelske acquired control of the trade name "Metallurgical Associates, Inc."
¶4 In November 2015, Old MAI and Hutchinson (collectively, Hutchinson) filed for WIS. STAT. ch. 128 (2017-18)[2] receivership. Tefelske purchased most of Old MAI's assets through the receivership action and Hutchinson retained control of the former, essentially asset-less, entity.
¶5 Tefelske then established "New MAI," with the understanding that the asset purchase included confidential customer records. For the next two years, Hutchinson disputed whether the assets sold to New MAI included the customer records, but did not seek a judicial determination on this point. Tefelske and the appointed receiver ultimately agreed to give up their claims against Hutchinson in exchange for confirmation that Tefelske and New MAI owned the records.
¶6 At a November 14, 2016 hearing, the parties discussed, among other things, the desire to wind up the matter by year's end so as to conserve assets by avoiding having to file 2017 tax returns. Unable to resolve everything on November 14, the court, Judge Maria Lazar, set the matter over to December 13. At the continued hearing, Hutchinson's counsel read the parties' final agreement into the record. In the December 13 written order, Judge Lazar ruled, in part:
The Receiver's Motion ... having come before the Court for hearing on November 14, 2016 ....
IT IS HEREBY ORDERED:
....
3. The business books and records of the Debtor [Old MAI] have been sold to and are owned by the Buyer [New MAI]. These records include, but are not limited to, all customer and job files, whether hard copies or electronic records.[3]
¶7 In November 2017, nearly a year after the receivership matter was closed, Hutchinson moved under WIS. STAT. § 806.07 to reopen the receivership case, claiming he believed he still owns Old MAI's business books and records. The court, Judge William Domina now presiding, denied the motion, reasoning that Hutchinson did not meet the burden of proof for a motion to reopen. Besides not presenting other witnesses or information that could be tested for veracity in open court, Hutchinson himself did not appear at the hearing. The court observed:
It's very clear to me that the purpose and intent of that settlement stated on the record was to tie a bow on all disputes known or unknown and that included in the disputes very clearly based upon the filing by Miss Dey [counsel for the receiver] in October 2016 was the very issue over this fight about these business records which were dealt with on that record both in terms of allowing him [Hutchinson] some [assets], not allowing him to take material personally off, he had to have a service do it, it had to be returned, which in its essence connotes maintenance and ownership by the Tefelskes in the purchase.
¶8 At a later hearing, the court held that Hutchinson's motion to reopen was frivolous and sanctioned him, ordering him to pay both the receivership's and the Tefelske's attorneys' fees. Hutchinson appeals.[4]
¶9 WISCONSIN STAT. § 806.07 governs reopening of a final judgment or order. Under § 806.07(1), a court may relieve a party from a judgment or an order resulting from:
(a) Mistake, inadvertence, surprise, or excusable neglect;
(b) Newly-discovered evidence which entitles a party to a new trial under [ WIS. STAT. §] 805.15(3) ;
(c) Fraud, misrepresentation, or other misconduct of an adverse party;
(d) The judgment is void;
(e) The judgment has been satisfied, released or discharged;
(f) A prior judgment upon which the judgment is based has been reversed or otherwise vacated;
(g) It is no longer equitable that the judgment should have prospective application; or
(h) Any other reasons justifying relief from the operation of the judgment.
¶10 Hutchinson contends the court should have reopened the December 13, 2016 order for one or more reasons: (1) the court's "mistake" regarding ownership of the customer records; (2) fraud or misrepresentation-a serious charge, in our view-because the written decision cited the "wrong" hearing date and was not circulated to the parties until after its execution; or (3) under the "catch-all" provision, the written order did not match the parties' oral agreement. See WIS. STAT. § 806.07(1)(a), (c), (h). Whether to grant relief under the statute is a discretionary determination for the circuit court and invokes its "pure equity power." Allstate Ins. Co. v. Brunswick Corp. , 2007 WI App 221, ¶¶5-6, 305 Wis. 2d 400, 740 N.W.2d 888 (citation omitted).
¶11 There was no "mistake" regarding ownership of company "books and records" after the asset sale. Hutchinson points to asset lists while the receivership proceedings still were underway that he claims shows he owned the physical records and that Tefelske and New MAI had only the right to copy them.
¶12 Hutchinson plays fast and loose with what "books and records" means; he knows the parties are not knocking heads over general corporate books but over the customer lists essential to the business. Further, his attorney read the parties' final agreement into the record at the December 13 hearing. The agreement made clear that Tefelske and New MAI owned all business records and that the agreement "constitutes the entire agreement between the parties concerning the subject matter herein and it supersedes all prior agreements between the parties."
¶13 Then, after noting that it had gone over Hutchinson's affidavit "relative to books and records" for background and that Hutchinson "was specifically questioned under oath about that agreement," the court reviewed, on the record, the order it intended to sign. It first explicitly asked whether anyone had any objection to the proposed three-paragraph order, expressly signaling paragraph three, recited above, regarding books and records. Hearing no objections, the court said it would sign the order. The claim of "mistake" has no basis whatsoever.
¶14 Fraud and/or misrepresentation likewise have no place in this discussion. The November 14 hearing date recited in Judge Lazar's December 13 written decision is not "wrong." The hearing commenced on November 14. The transcripts make clear that Judge Lazar continued the hearing-with the parties' consent-only after balancing wrapping up the matter so as not to continue bleeding the creditors' assets with the parties' rights to be fully heard. Hutchinson also offers no support for his claim that the December 13 order was not circulated to the parties before its execution.
¶15 Hutchinson's WIS. STAT. § 806.07(1)(h) argument gains no greater traction. A motion pursuant to § 806.07(1)(h) must be made "within a reasonable time." Sec. 806.07(2). The party seeking relief must prove that extraordinary circumstances exist. Sukala v. Heritage Mut. Ins. Co. , 2005 WI 83, ¶12, 282 Wis. 2d 46, 698 N.W.2d 610.
¶16 After sitting on his hands for nearly a year, Hutchinson made no effort below, and makes none here, to show either that he brought his motion to reopen the receivership case "within a reasonable time" or that any defensible reasons, let alone extraordinary circumstances, exist that justify doing so. "Judicious exercise of the circuit court's authority by limiting [ WIS. STAT. ] § 806.07(1)(h) relief to only the most egregious circumstances promotes the balance between finality of judgments and fair judgments." Brunswick Corp. , 305 Wis. 2d 400, ¶17.
¶17 Finally, Hutchinson claims the circuit court erred in finding the motion to reopen the receivership case frivolous. Our review of a circuit court's decision that an action was commenced frivolously is generally deferential. See Jandrt v. Jerome Foods, Inc. , 227 Wis. 2d 531, 548, 597 N.W.2d 744 (1999). We uphold the circuit court's factual findings unless they are clearly erroneous but uphold the court's overall discretionary decision if it is based on the correct law, the facts of record, and is reasonable. Id. at 548-49.
¶18 Hutchinson contends the motion to reopen simply challenged what he "felt the final written order [from the December 13, 2016 hearing] should have been," and cannot be deemed frivolous merely because his position later was shown to be incorrect. See Stern v. Thompson & Coates, Ltd. , 185 Wis. 2d 220, 243, 517 N.W.2d 658 (1994). As the court noted, Hutchinson persists in "willful blindness" to the realities of the matter. We see no error in the court's conclusion that Hutchinson's motion had no basis in law or fact. We affirm.
By the Court. -Orders affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

As in this case, Tefelske's wife, Wendy, is a party to the breach-of-contract case. We use "Tefelske" for simplicity's sake.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Judge Lazar's ruling notwithstanding, Hutchinson filed a motion in the breach-of-contract case demanding the customer records. That court denied the motion, found it frivolous, and sanctioned Hutchinson.

Esser Law LLC, Receiver's attorney, advised that it did not file a separate brief as its interests were adequately represented in the brief filed by New MAI and Tefelske.