NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2022*
Decided March 17, 2022

**Before**

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2289

| | |
|---|---|
| ROBERT J. HUTCHINSON, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 20-CV-1264 |
| AMERICAN ASSOCIATION FOR LABORATORY ACCREDITATION, INC, et al., <br> *Defendants-Appellees*. | Nancy Joseph, <br> *Magistrate Judge*. |

**O R D E R**

Robert Hutchinson and Thomas Tefelske, who co-owned Metallurgical Associates, Inc., reached a court-approved settlement in Wisconsin after a dispute about their business. Dissatisfied with the state court's resolution, Hutchinson has sued in federal court the parties (and others) connected with the state case. He alleges that the

---

* We have agreed to decide the case without oral argument because the briefs and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

court-confirmed settlement authorized them to steal assets from Metallurgical. The district court correctly dismissed the suit in part for lack of subject-matter jurisdiction and in part for failure to state a claim; therefore we affirm.

The state case settled in 2016. Hutchinson initiated that suit by asking a state court to appoint a receiver to manage Metallurgical's debts. During the receivership, Tefelske bought some of that business's assets. Hutchinson, however, disputed whether Tefelske could lawfully buy Metallurgical's client records, which Hutchinson believed were exempt from sale. They eventually reached a settlement, the terms of which the state court read into the record and incorporated into an order in December 2016. The order states that Hutchinson agreed to sell the "business books and records" to Tefelske, and "[t]hese records include, but are not limited to, all customer and job files."

Hutchinson unsuccessfully moved to reopen the state judgment. In his view, the settlement did not decide the ownership of the client records; it merely allowed Tefelske's company to control and use the client records, which Hutchinson claimed to own. The Wisconsin court denied his motion, and the Wisconsin Court of Appeals affirmed. *See Old Metallurgical Assocs., Inc. v. New MAI, Inc.*, 2019 WI App 21, 386 Wis. 2d 630, 927 N.W.2d 929 (unpublished slip op.) (per curiam).

Unhappy with the state court's decision, Hutchinson turned to federal court. He alleges that Tefelske unlawfully acquired the client records when the state court signed the order confirming the sale of the records to him. He accuses the receiver and others of conspiring to "surreptitiously slip[]" that order into a "stack" of orders resolving the receivership. He also accuses an accreditation association of improperly transferring to Tefelske's new company a certificate accrediting the laboratory and equipment that Tefelske bought from Metallurgical. He invokes the Racketeer Influenced and Corrupt Organizations Act, *see* 18 U.S.C. §§ 1961(3), 1962(d), 1964(c), 42 U.S.C § 1985, and state-law claims of conversion, fraudulent inducement, and fraud.

The district court (through a magistrate judge presiding by consent) dismissed the suit. It concluded that most of Hutchinson's claims sought to challenge the state court's December 2016 order adopting the settlement agreement. Those claims, it reasoned, were blocked by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The district court dismissed the remaining claim—against the accreditation association—for failure to state a legal claim.

Hutchinson argues on appeal that *Rooker-Feldman* does not block any claims. Under the *Rooker-Feldman* doctrine, federal district courts may not adjudicate claims brought by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); 28 U.S.C § 1257. The doctrine "applies when the state court's judgment is the source of the injury of which plaintiffs complain in federal court." *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014).

*Rooker-Feldman* blocks Hutchinson's claims. Although, as Hutchinson observes, he was not initially a party to the state suit, he was a party to the settlement agreement, and the state court embodied that settlement in its order of December 2016. That order is a judgment for the purpose of *Rooker-Feldman*. *See Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008). Hutchinson responds that his claim that he owns the client records is independent of the state judgment, which he insists he does not challenge. But he wants a federal district to rule that, contrary to the order, he owns the records. And he alleges that his injury did not occur until the December 2016 order. That is when, in his telling, the defendants allegedly tricked the state court into adopting the order confirming that Tefelske's business had acquired "all business books and records," including "all customer . . . files." Thus, his injury arises precisely from that order. Under *Rooker-Feldman,* Hutchinson's remedy for harm allegedly caused by an erroneous state-court judgment lay in a state appeal—which he pursued—not in federal district court. *See Kelley v. Med-1 Sols., LLC*, 548 F.3d 600, 603 (7th Cir. 2008).

Hutchinson also contests the dismissal of his claim against the accreditation association for conversion under Wisconsin law. He contends that the association wrongfully transferred to Tefelske its certificate accrediting a lab that Tefelske acquired from their jointly-owned business. A district court normally should exercise its discretion to dismiss without prejudice a state-law claim, rather than resolve it on the merits, once it dismisses the federal claims that provide the sole basis for original and supplemental jurisdiction. *Al's Serv. Ctr. v. BP Prods. N. Am. Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). But the merits dismissal was straightforward and proper here. Conversion in Wisconsin requires the unconsented, intentional taking of property belonging to another. *H.A. Friend & Co. v. Pro. Stationery, Inc.*, 2006 WI App 141, ¶ 11, 294 Wis. 2d 754, 763, N.W.2d 96, 100. Hutchinson concedes that the certification accredits only the lab equipment and location that he admits Tefelske exclusively owns.

He therefore cannot state a claim that the association transferred to Tefelske property that belongs to Hutchinson.

Hutchinson's reply briefs raise new arguments undeveloped in his opening brief; he has therefore waived them. *Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018).

On the understanding that the federal claims, blocked by *Rooker-Feldman*, were outside of the federal district court's jurisdiction and therefore dismissed without prejudice, the judgment of the district court is AFFIRMED.