ALLSTATE INSURANCE COMPANY and
First State Insurance Company, Plaintiffs,

v.

BRUNSWICK CORPORATION, Defendant-Appellant,†

MERCURY MARINE, Affiliated FM Insurance
Company, American Casualty Insurance
Company, Certain London Market Insurers,
Certain Underwriters at Lloyds, Columbia
Casualty Company, Continental Casualty
Company, Fireman's Fund Insurance Company,
Home Insurance Company, Northwestern
National Insurance, Employer's Insurance of
Wausau and Zurich American Insurance
Company, Defendants,

SENTRY INSURANCE and United National Insurance
Company, Defendants-Respondents.

Court of Appeals

*No. 2006AP1705. Submitted on briefs May 24, 2007.
—Decided August 1, 2007.*

2007 WI App 221

(Also reported in 740 N.W.2d 888.)

† Petition to review denied 12/19/07.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *James R. Clark, Lisa S. Neubauer* and *G. Michael Halfenger* of *Foley & Lardner, LLP*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Susan R. Tyndall* of *CMT Legal Group, LTD*, Waukesha.

On behalf of the defendant-respondent, the cause was submitted on the brief by *Patrick J. Anderson* of *Storm, Balgeman, Miller & Klippel, S.C.*, Wauwatosa.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

¶ 1. SNYDER, J.   Brunswick Corporation appeals from an order denying its motion to vacate judgments that were founded on subsequently overruled case law. The declaratory judgments, which address insurance coverage, were entered in 2000 by stipulation of the parties. Brunswick sought to re-open the judgments on grounds the case law in effect in 2000 has now been expressly overruled and firmly criticized by the supreme court. It contends that the circuit court erred when it denied the motion to re-open the judgments, and argues that the court misunderstood its broad equitable authority and misapplied the law. We disagree and affirm the circuit court.

## BACKGROUND

¶ 2.   Allstate Insurance Company filed suit against Brunswick and others, including United National Insurance Company and Sentry Insurance, seeking a declaratory judgment on the issue of insurance coverage for alleged environmental liabilities and remediation costs incurred or to be incurred by Brunswick at five sites around Wisconsin. On May 5, 2000, the circuit court entered stipulated declaratory judgments dismissing United National and Sentry from the underlying action because, under *City of Edgerton v. General Casualty Co.*, 184 Wis. 2d 750, 517 N.W.2d 463 (1994), their policies did not provide coverage for the claims asserted against Brunswick.

¶ 3.   In July 2003, our supreme court expressly overruled *Edgerton* in *Johnson Controls, Inc. v. Em-*

*ployers Insurance of Wausau*, 2003 WI 108, ¶ 4, 264 Wis. 2d 60, 665 N.W.2d 257. Brunswick filed a motion for relief from the declaratory judgments pursuant to WIS. STAT. § 806.07(1)(h) (2005–06),[1] which authorizes a court to grant relief based on a change in the law that renders the judgment unjust. The circuit court denied Brunswick's motion and Brunswick appealed. On August 31, 2005, we reversed the circuit court and remanded the case to allow the circuit court to reconsider in light of a recent supreme court decision, *Sukala v. Heritage Mutual Insurance Co.*, 2005 WI 83, 282 Wis. 2d 46, 698 N.W.2d 610.

¶ 4.  On remand, the circuit court again denied Brunswick's motion to vacate the stipulated judgments. It held that nothing in the historical or procedural facts of the case were unique or extraordinary so as to warrant relief. It also acknowledged the preference for finality of judgments. In sum, the court observed:

> Brunswick unfortunately finds itself in the unenviable position of being the victim of a change in the law, of wanting to take advantage of a change in the law that's beneficial to it, but being unable to demonstrate to this Court's satisfaction at least that unique and extraordinary circumstances exist which justify the Court's exercising its discretion to grant relief under 806.07(1)(h).

Brunswick appeals.

## DISCUSSION

¶ 5.  Whether to grant relief from a judgment under WIS. STAT. § 806.07(1)(h) is a question addressed

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

to the circuit court's discretion. *Sukala*, 282 Wis. 2d 46, ¶ 8. "A discretionary decision contemplates a process of reasoning that depends on facts that are in the record, or reasonably derived by inference from facts of record, and a conclusion based on the application of the correct legal standard." *Id*. Because the exercise of discretion is fundamental to the circuit court's functioning, an appellate court will generally look for reasons to affirm discretionary decisions. *Schneller v. Saint Mary's Hosp. Med. Ctr.*, 155 Wis. 2d 365, 374, 455 N.W.2d 250 (Ct. App. 1990).

¶ 6.    Brunswick argues that the circuit court failed to understand and exercise its authority to grant equitable relief under Wis. Stat. § 806.07(1)(h). This statute gives circuit courts "broad discretionary authority and invokes the pure equity power of the court." *Mullen v. Coolong*, 153 Wis. 2d 401, 407, 451 N.W.2d 412 (1990). To determine whether relief from a judgment is appropriate, the circuit court "should examine the allegations accompanying the motion [to vacate] with the assumption that all assertions contained therein are true." *Sukala*, 282 Wis. 2d 46, ¶ 10. If the facts alleged are, in the court's assessment, "extraordinary or unique such that relief may be warranted," a hearing must then be held to ascertain the truth or falsity of the allegations. *Id*. Once the hearing is held, the question of whether to grant relief is addressed to the court's discretion. *Id*. In making its determination, the circuit court is to consider the facts and "any other factors bearing upon the equities of the case." *Id*. The goal is to "achieve a balance between the competing values of finality and fairness in the resolution of a dispute." *Id.*, ¶ 12 (citation omitted).

407

¶ 7.  The general rule is that "a change in the judicial view of an established rule of law is not an extraordinary circumstance which justifies relief from a final judgment under [WIS. STAT. § 806.07(1)(h)]." *See Schwochert v. American Family Mut. Ins. Co.*, 166 Wis. 2d 97, 103, 479 N.W.2d 190 (Ct. App. 1991). Rather, the circuit court, in its analysis, should consider several factors, including:

> 1.  Whether the judgment was the result of the conscientious, deliberate, well-informed choice of the claimant;
>
> 2.  Whether the claimant received the effective assistance of counsel;
>
> 3.  Whether relief is sought from a judgment to which there has been no judicial consideration of the merits and the interest of deciding the particular case on the merits outweighs the finality of judgments;
>
> 4.  Whether there is a meritorious defense to the claim; and
>
> 5.  Whether there are intervening circumstances making it inequitable to grant relief.

*Sukala*, 282 Wis. 2d 46, ¶ 11 (affirming factors originally set forth in *State ex rel. M.L.B. v. D.G.H.*, 122 Wis. 2d 536, 552–53, 363 N.W.2d 419 (1985)). Brunswick believes that the circuit court improperly narrowed its inquiry by focusing on the need for finality of judgments. Further, Brunswick asserts that the circuit court did not sufficiently consider the vigor of the supreme court's rebuke of *Edgerton*, and therefore did not adequately weigh the injustice suffered by parties whose claims were resolved under *Edgerton*.

¶ 8. Our review of the hearing transcript leads us to conclude that the circuit court appropriately considered the facts and factors required by law. First, it accepted the historical facts, essentially undisputed and supported by affidavits, as true. The circuit court then properly embarked on an inquiry as to whether the facts constituted "unique or extraordinary circumstances, which must accompany a change in the law before the Court's entitled to exercise its discretion?" The court cited to *Sukala* for the proposition that its task was to balance the preference for finality of judgments against the interest in relief from unjust judgments. *See Sukala*, 282 Wis. 2d 46, ¶ 11.

¶ 9. The circuit court addressed factors bearing on the equities of the case. First, it determined that the stipulated judgments were a product of Brunswick's conscientious, deliberate and well-informed choice. It noted that Brunswick "was presented with this issue of a declaratory judgment to determine whether or not there was coverage provided by these policies under the law as it then existed . . . . They chose to concede that . . . they couldn't successfully defend against these coverage questions." The court concluded that Brunswick "ultimately analyzed the other policies they had and determined that they may have had an avenue of success available to them by policies which by my recollection . . . [they were] governed by Illinois law . . . and therefore Wisconsin law simply didn't apply to those."

¶ 10. The circuit court next considered whether Brunswick had received effective assistance of counsel. Concluding that it "[c]ertainly" did, the court observed that "[t]hey analyzed the law, they analyzed the facts and circumstances surrounding these cases, they rea-

sonably estimated their chances for success both here in the circuit court and presumably in arguing for a change in the law at some appellate level," and came to a reasonable conclusion, given the background of the *Edgerton* case.

¶ 11.  We agree with the circuit court's analysis on these first two factors. Brunswick was ably represented by counsel and made a reasonable decision under the prevailing law. In particular, we note that *Edgerton* had been challenged multiple times prior to *Johnson Controls*, each time without success.[2] Brunswick's decision to enter into a stipulated judgment that was against its interests, given the state of the law and the experience of others challenging *Edgerton*, was the result of a conscientious, deliberate and well-informed choice.

¶ 12.  The next inquiry is whether there was judicial consideration of the merits of the underlying claim, and if not, whether the importance of deciding the matter on the merits outweighed the interest in finality of judgments. The circuit court noted that it entered judgment based upon the stipulation of the parties; however, it also observed that "had it been litigated on the merits, had [the court] been required to give a decision it would have been the same. [The circuit court] can't overturn the Supreme Court." We agree. Brunswick did not force a determination on the merits because it properly assessed that the time and expense it would have invested to do so would have yielded the same result.

¶ 13.  A fourth consideration is whether there is a meritorious defense to Brunswick's claim for coverage.

---

[2] *See, e.g., Hydrite Chem. Co. v. Aetna Cas. & Sur. Co.*, 1997AP719, unpublished slip op. at 2 (Wis. Ct. App. May 7, 1998); *Robert E. Lee & Assocs., Inc. v. Peters*, 1996AP172, unpublished slip op. at 8–9 (Wis. Ct. App. Nov. 19, 1996).

Here, the parties dispute whether coverage would be barred regardless of *Johnson Controls*. Sentry and United National assert that even if we were to vacate the judgment, Brunswick's ability to obtain coverage is still in doubt. The insurance policies in question contain pollution exclusions that raise questions about Brunswick's coverage for the environmental cleanup costs.

¶ 14.   Brunswick counters that the meritorious defense inquiry is only relevant when the party against whom the claim was asserted now challenges the judgment on grounds a meritorious defense exists. It argues that here, "in contrast, because this is a declaratory judgment action, the relevant question is whether Brunswick has shown a meritorious insurance coverage *claim* to be adjudicated." We appreciate the distinction. The crux of the inquiry is whether, given another chance, the party seeking to vacate the judgment could reasonably expect a different result. The circuit court considered this factor, finally concluding that because "there may be some questions about the applicability of these policies," it could not "make a fair assessment" of this particular factor. We agree with the court that the availability of coverage is not a foregone conclusion. With regard to our overall analysis, this factor does not weigh heavily on our decision to preserve the judgments.

¶ 15.   The fifth factor addressed by the circuit court was whether intervening circumstances make it inequitable to grant relief. The court stated, "The policies are what they are. I mean they say what they say. The defenses are what they are. They don't change over time." The court concluded that there were no intervening circumstances to demonstrate prejudice to

411

the insurers if the judgments were vacated. Accordingly, this factor weighed in favor of Brunswick.

¶ 16.   After addressing all five factors set forth in *Sukala*, 282 Wis. 2d 46, ¶ 11, the circuit court turned to the nature of the supreme court's reversal of *Edgerton*. It stated,

> [T]he Supreme Court, in admittedly strong terms, [said] we made a mistake nine years ago when we decided the *City of Edgerton* .... It's impossible for circuit courts or any court to evaluate the need to grant relief based upon the conviction the Supreme Court had about the invalidity, the unwiseness, the wrongness, I suppose, of their prior decisions.

Brunswick labors to persuade us that the vigor with which the supreme court denounced the *Edgerton* case is a crucial consideration and itself demonstrates unique and extraordinary circumstances. We disagree. While it is true that a circuit court should consider "factors bearing upon the equities of the case," *see Sukala*, 282 Wis. 2d 46, ¶ 10, the mindset of the supreme court is not such a factor. We would unreasonably burden lower courts were we to ask them to divine the degree of conviction, or measure of regret, that prompted the supreme court to reverse itself.

¶ 17.   Finally, we observe that the discretionary authority afforded the circuit courts by Wis. Stat. § 806.07(1)(h) to vacate final judgments is to be used "sparingly." *See State ex rel. M.L.B.*, 122 Wis. 2d at 550. A court is to invoke this power only when the circumstances are such that the court's conscience demands that justice be done. *Id.* Judicious exercise of the circuit court's authority by limiting § 806.07(1)(h) relief to only

412

the most egregious circumstances promotes the balance between finality of judgments and fair judgments.

## CONCLUSION

¶ 18.    We are satisfied that the circuit court drew from the stipulated facts and considered the relevant factors set forth in *Sukala*, and that it exercised its discretion in accordance with the correct legal standard. *See Sukala*, 282 Wis. 2d 46, ¶¶ 8, 11. The court understood its authority to grant equitable relief, but reasonably concluded that relief was not warranted here. We agree that the circumstances here are not unique or extraordinary so as to warrant relief from the judgments and we ascertain no error in the court's exercise of its discretion. Accordingly, we affirm the order of the circuit court.

*By the Court.*—Order affirmed.