**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**July 30, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1022**

**STATE OF WISCONSIN**

Cir. Ct. No. 1995TR3265

**IN COURT OF APPEALS**
**DISTRICT III**

IN THE MATTER OF THE REFUSAL OF ROBERT E. HAMMERSLEY:

OCONTO COUNTY,

PLAINTIFF-RESPONDENT,

V.

ROBERT E. HAMMERSLEY,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Oconto County: MICHAEL T. JUDGE, Judge. *Affirmed*.

¶1 HRUZ, J.[1] Robert Hammersley, pro se, appeals an order denying him relief from a 1995 default order revoking his driver's license for violating

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Wisconsin's implied consent law. This is Hammersley's second attempt to seek a judicial determination that his 1995 default revocation order was void. On this occasion, Hammersley contends, among other things, that the circuit court erred when it determined he was not entitled to relief under WIS. STAT. § 806.07 based upon the United States Supreme Court's decision in ***Birchfield v. North Dakota***, 136 S. Ct. 2160 (2016). We affirm.

## BACKGROUND

¶2 The following background information is taken largely from our opinion in Hammersley's prior appeal in ***County of Oconto v. Hammersley***, No. 2013AP1263, unpublished slip op. (WI App Mar. 18, 2014). On October 28, 1995, Hammersley was arrested for operating a motor vehicle while intoxicated (OWI). ***Id.***, ¶2. He refused the officer's request to submit to a chemical blood-alcohol test under Wisconsin's implied consent law, and the officer issued him a notice of intent to revoke his operating privilege. ***Id.*** The notice informed Hammersley that his operating privilege would be revoked unless within ten days he filed a written request with the circuit court for a refusal hearing. ***Id.***

¶3 The circuit court's copy of the notice was filed on December 7, 1995. ***Id.***, ¶3. On December 12, the court entered an order revoking Hammersley's driver's license because it found that he did not request a hearing within ten days after he had been served with the notice of intent to revoke his operating privilege. ***Id.***

¶4 Approximately seventeen years later, on December 28, 2012, Hammersley moved for relief under WIS. STAT. § 806.07(1)(d) (2011-12), from the circuit court's 1995 revocation order on the basis that the order was void. ***Id.***, ¶4. Hammersley reasoned that the default revocation order was void because he

2

had ten days to request a refusal hearing, and the court revoked his license less than ten days after the court's copy was filed. *Id.* The circuit court denied both Hammersley's motion and his subsequent motion for reconsideration. *Id.*, ¶¶5-6.

¶5     We affirmed the circuit court's decisions because the court did not erroneously exercise its discretion. *Id.*, ¶¶7-8. We explained that "we have serious concerns about Hammersley's ability to bring a motion for relief seventeen years after the underlying order was entered." *Id.*, ¶13. As relevant to the present appeal, we rejected Hammersley's various arguments, in large part because he failed to request a hearing on his refusal within the ten-day window prescribed by statute. *Id.*, ¶¶9, 14. Contrary to Hammersley's assertion, the statutory ten-day period began when the officer issued the notice on October 28, not when the court's copy of the notice was filed on December 7. *Id.*, ¶¶9-10. Moreover, we observed that a court loses competence to consider a refusal allegation if a defendant fails to timely request a hearing. *Id.*, ¶14 (citing *Village of Elm Grove v. Brefka*, 2013 WI 54, ¶44, 348 Wis. 2d 282, 832 N.W.2d 121). Accordingly, we concluded the circuit court lost competence to consider any objection Hammersley had to his violation of the implied consent law, and it was required to enter a default order revoking his driver's license. *Id.*

¶6     The present appeal arises from Hammersley's April 2018 motion in the circuit court for relief pursuant to WIS. STAT. § 806.07(1)(d), (g) and (h). Hammersley argued below that the Supreme Court's decision in *Birchfield* "held that refusal proceedings based upon the refusal to submit to a warrantless blood draw are unconstitutional because such blood draw demands violate the Fourth Amendment to the United States Constitution." In his view, *Birchfield* thus "renders [his] refusal revocation [order] invalid," and he is "entitled to relief from this void portion of the Judgment … under WIS. STAT. § 806.07(1)(d)."

Hammersley further contended that his revocation order "is subject to challenge under WIS. STAT. § 806.07(1)(g), as enforcement thereof is no longer equitable," and that he was also entitled to relief "under WIS. STAT. § 806.07(1)(h) to prevent the continuing possibility of [his revocation order's] use under WIS. STAT. § 343.307(1)(f)."

¶7    The circuit court issued a written order denying Hammersley's motion as moot, and it declined to consider the matter further.  It explained that *Birchfield* "has no effect on the circumstances of [his] case, some twenty-three years ago."  The court also enclosed a copy of our decision in Hammersley's prior appeal and reminded him of our conclusion that the circuit court lost competence to consider any objection he had to his refusal.  Hammersley now appeals.

**DISCUSSION**

¶8    We review the circuit court's April 2018 decision determining as moot and declining to consider Hammersley's WIS. STAT. § 806.07 motion—wherein he requested that the court grant him relief from a then-twenty-three-year-old default revocation order—under the erroneous exercise of discretion standard. *See **Miller v. Hanover Ins. Co.**,* 2010 WI 75, ¶29, 326 Wis. 2d 640, 785 N.W.2d 493.  A court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and, using a demonstrated rational process, reaches a conclusion that a reasonable judge could reach. ***Id.***

¶9    Hammersley argues the circuit court "should have heard and granted" his WIS. STAT. § 806.07 motion and "issued an order to vacate and void" his 1995 default revocation order.  He summarily asserts that § 806.07(1)(d) entitles him to relief because ***Birchfield*** rendered void his 1995 default revocation order.  He also renews his argument that § 806.07(1)(g) entitles him to relief

because enforcement of his "void" default revocation order is no longer equitable. Finally, Hammersley argues he is entitled to § 806.07(1)(h) relief because, under **Birchfield**, the default revocation order is unconstitutionally "counted as a 'prior conviction'" in the escalating penalty structure of alcohol-related convictions.

¶10    Hammersley purports to raise seven issues on appeal for why the circuit court erred in determining he is not entitled to WIS. STAT. § 806.07 relief.[2] The issues substantially overlap, and all of them lack merit.  In particular, all of Hammersley's arguments ultimately rely upon his mistaken beliefs that **Birchfield** held, without exception, "that proceedings based upon the refusal to submit to a warrantless blood draw are unconstitutional" and that "[t]he **Birchfield** holding is a substantive rule that must be applied retroactively."  Furthermore, Hammersley raises issues we decided previously in his prior appeal, which we shall not address again.  Finally, most—if not all—of Hammersley's arguments fall outside the scope of this appeal's review of the circuit court's April 2018 decision to deny relief under § 806.07.  To the extent that we misconstrue or fail to address any of his arguments, we deem them undeveloped.  *See **State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

*I.  **Birchfield** has no effect on Hammersley's case.*

¶11    As relevant to our discussion, **Birchfield** held as unconstitutional a driver's warrantless blood draw as a search incident to arrest.  **Birchfield**, 136 S. Ct. at 2185.  However, a police officer may still rely on exigent circumstances

---

[2] The State decided not to file a response brief in this matter and informed us of its decision by written letter.  While we determine that Hammersley ultimately fails on this appeal, we encourage the State to respond to such challenges with a brief in future cases.

to lawfully draw one's blood absent a warrant. *Id.* at 2184-85. With regard to implied consent statutes, the Court opined that the imposition of civil penalties and evidentiary consequences on motorists who refuse to comply with implied-consent laws are generally acceptable, but "[t]here must be a limit to the consequences to which motorists may be deemed to have consented by virtue of a decision to drive on public roads." *Id.* at 2185. Our supreme court thus observed the Court's directive meant that "no criminal penalties may be imposed for refusal." *State v. Dalton*, 2018 WI 85, ¶66, 383 Wis. 2d 147, 914 N.W.2d 120.

¶12 Hammersley incorrectly asserts *Birchfield* applies to him. *Birchfield*'s holding cannot be applied retroactively to Hammersley; indeed, Hammersley never actually develops a coherent, non-conclusory argument for why it should apply retroactively. Newly declared constitutional rules apply "to all similar cases pending on direct review." *State v. Dearborn*, 2010 WI 84, ¶31, 327 Wis. 2d 252, 786 N.W.2d 97 (quoting *Griffith v. Kentucky*, 479 U.S. 314, 322-23 (1987)). And more specifically in cases involving the Fourth Amendment, the Supreme Court opined that a decision "construing the Fourth Amendment is to be applied retroactively to all convictions that were not yet final at the time the decision was rendered." *Id.* (quoting *United States v. Johnson*, 457 U.S. 537, 562 (1982)). Hammersley's 1995 case is clearly no longer pending on direct review, nor was it pending at the time *Birchfield* was decided. In short, *Birchfield*'s holding cannot be applied retroactively because direct review of his case has long since concluded.

¶13 *Birchfield* also did not cast a blanket prohibition on warrantless blood draws. The Court made clear that while police officers could not draw a driver's blood incident to his or her arrest without a warrant, they could still either seek a warrant when there is sufficient time to do so or rely upon the exigent

circumstances exception to the warrant requirement when there is not. ***Birchfield***, 136 S. Ct. at 2184-85. Finally, ***Birchfield*** also did not conclude as per se unconstitutional a state's implied consent statute. *See **id.*** at 2185 ("Our prior opinions have referred approvingly to the general concept of implied-consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply … and nothing we say here should be read to cast doubt on them.").

¶14     One of Hammersley's arguments is that his default revocation order is void because no exigent circumstances existed "to justify law enforcement taking a warrantless blood draw of [his] blood." This argument, in the context of this appeal, lacks merit for three reasons. First, as just explained, it is based on his erroneous assumptions that ***Birchfield*** applies retroactively and that ***Birchfield*** categorically held that all warrantless blood draws are unconstitutional.[3] Second, it is unclear from the record whether Hammersley's blood was even drawn during his encounter in 1995, much less drawn without a warrant.

¶15     Third, and most importantly, Hammersley's opportunity to challenge the constitutionality of law enforcement to draw a motorist's blood without a warrant is not properly before us in this appeal—that opportunity has long since passed. As we explained in Hammersley's first appeal, once he failed to request a refusal hearing within ten days, the circuit court "lost competence to consider *any objection* to the implied consent law violation and was required to enter a default

---

[3] We additionally note that the United States Supreme Court's recent decision in ***Mitchell v. Wisconsin***, 588 U.S. ___, 139 S. Ct. 2525 (2019), has no bearing on Hammersley's case as well. This is so primarily because Hammersley was conscious—if, in fact, his blood was drawn without a warrant. *See **id.*** at 2531.

order revoking Hammersley's driver's license." *Hammersley*, No. 2013AP1263, ¶14 (emphasis added).

*II. Hammersley attempts to relitigate issues from his first appeal.*

¶16 Hammersley argues the circuit court prematurely entered his default revocation order against him, and he challenges the validity of the stipulation he entered into in his 1995 OWI case.[4] However, we previously affirmed the circuit court's decisions on those issues. *Id.*, ¶¶8, 10, 12-14. Our prior decision is law of the case, and while that doctrine is not absolute, Hammersley provides no reason for why we should disregard it and reconsider our prior decision. *See State v. Stuart*, 2003 WI 73, ¶¶23-24, 262 Wis. 2d 620, 664 N.W.2d 82. Accordingly, we will not address further any argument raised in his prior appeal.

¶17 Hammersley additionally claims his trial counsel in the 1995 proceedings provided him ineffective assistance. He asserts that his counsel "did not inform [him] that there was a valid challenge to the refusal revocation [order] at any time before or during the plea proceedings." He further argues that had he "known that the refusal order would be on his record and treated as an alcohol related occurrence, he would not have entered a plea to any charge but would have insisted on going to trial …."

¶18 There are multiple flaws with Hammersley's ineffective assistance of counsel argument. Sufficient for our purposes, we note that Hammersley asserted similar arguments in his prior appeal, including that his counsel "deceived

---

[4] The stipulation provided that in exchange for the dismissal of the OWI charge, Hammersley agreed to the entry of judgment on a speeding forfeiture. *County of Oconto v. Hammersley*, No. 2013AP1263, unpublished slip op. ¶5 n.3 (WI App Mar. 18, 2014).

him" into entering a plea and that he did not fully understand to what he was pleading. *Hammersley*, No. 2013AP1263, ¶12. We determined that his arguments were largely conclusory or unsupported by legal argument and, regardless, were immaterial to his appeal because the circuit court lost competency to consider objections to his default revocation order. *Id.*, ¶¶13-14. Again, we will not revisit issues previously decided. *See Stuart*, 262 Wis. 2d 620, ¶¶23-24.

¶19 To the extent Hammersley contends his trial counsel was ineffective for different reasons than he raised previously, his contention lacks merit because he had no constitutional right to counsel in the context of his 1995 revocation proceedings. Among numerous other infirmities with any such argument, we note that a refusal hearing is a civil proceeding, and the constitutional right to counsel does not attach in civil proceedings. *State v. Krause*, 2006 WI App 43, ¶¶11-12, 289 Wis. 2d 573, 712 N.W.2d 67. Thus, Hammersley had no right to counsel upon which to bring a claim for ineffective assistance, given the context of his case.

*III. Hammersley's arguments fall outside the scope of this appeal.*

¶20 Hammersley fails to appreciate the scope of this appeal. He provides no coherent argument relating the issues he has raised with an entitlement to any of the WIS. STAT. § 806.07 bases for relief that he seeks.[5] For instance,

---

[5] We note also that Hammersley's request for WIS. STAT. § 806.07(1)(h) relief is contrary to our decision in *Allstate Insurance Co. v. Brunswick Corp.*, 2007 WI App 221, 305 Wis. 2d 400, 740 N.W.2d 888. In *Allstate*, we observed that "a change in the judicial view of an established rule of law" is generally "not an extraordinary circumstance which justifies relief from a final judgment" under § 806.07(1)(h). *Id.*, ¶7 (citation omitted). Thus, even if the holding in *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016), had any effect on Hammersley's case (which it does not), its effect would not be an extraordinary circumstance in and of itself. Hammersley has not demonstrated that his circumstance is so extraordinary to warrant a departure from the general rule. *See Allstate*, 305 Wis. 2d 400, ¶7.

Hammersley argues that, because of ***Birchfield***, WIS. STAT. § 343.307(1)(f) is unconstitutional because it permits his default revocation order to be used as a penalty enhancer in the statute's escalating penalty structure.  He further contends the statute that authorized his court-ordered revocation, WIS. STAT. § 343.305 (1995-96), is unconstitutional because of ***Birchfield***'s holding that "no criminal penalties may be imposed for refusal."  *See **Dalton***, 383 Wis. 2d 147, ¶66.

¶21   These arguments, however, would ultimately go toward the constitutionality of Hammersley's 1995 OWI arrest—the merits of which he never directly appealed.  If Hammersley believed that his default revocation order resulted from a violation of his constitutional rights, he had an opportunity some twenty-three years ago to bring that challenge.  Meanwhile, the same "serious concerns about Hammersley's ability to bring a motion for relief," now twenty-three years "after the underlying order was entered" that we previously observed, have not subsided with the passing of more years.  *See **Hammersley***, No. 2013AP1263, ¶13.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.