**COURT OF APPEALS
DECISION
DATED AND FILED**

**February 27, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos. 2019AP803**
**2019AP810**
**STATE OF WISCONSIN**

Cir. Ct. Nos. 2018SC9273
2018SC9279

**IN COURT OF APPEALS
DISTRICT IV**

---

TREE LANE APARTMENTS, LLC,

    PLAINTIFF-RESPONDENT,

  V.

KIMBERLY GADDIS,

    DEFENDANT-APPELLANT.

---

TREE LANE APARTMENTS, LLC,

    PLAINTIFF-RESPONDENT,

  V.

PAMELA WINDOM,

    DEFENDANT-APPELLANT.

---

APPEALS from orders of the circuit court for Dane County: WILLIAM E. HANRAHAN and PETER C. ANDERSON, Judges. *Affirmed*.

Before Blanchard, Kloppenburg, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.[1]    Tree Lane Apartments, LLC ("the landlord") issued 5-day notices to terminate the tenancies of Kimberly Gaddis and Pamela Windom, both based on alleged nonpayment of rent. The landlord followed the notices with eviction actions. Gaddis contested her eviction in the circuit court, but the landlord prevailed. Windom stipulated with the landlord that she would move out and thereby avoided entry of a judgment of eviction. About 60 days later, after both former tenants had vacated their units, each moved for relief from judgment under WIS. STAT. § 806.07(1). Each former tenant argued, for the first time, that she was entitled to relief because the landlord did not have a right to evict her using a 5-day notice, in light of the fact that the lease was "void and unenforceable" under WIS. STAT. § 704.44(10).[2] The circuit court judge in each case denied the motion for relief and both former tenants appeal. We reject one set of arguments advanced by the former tenants based on forfeiture and reject the remaining arguments

---

[1] By order dated November 14, 2019, this court granted a motion for a three-judge panel pursuant to WIS. STAT. RULE 809.41(1) (2017-18). These appeals were consolidated for purposes of disposition on February 6, 2020 pursuant to WIS. STAT. RULE 809.10(3) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] "[A] residential rental agreement is void and unenforceable if it" "[a]llows the landlord to terminate the tenancy of a tenant for a crime committed in relation to the rental property and the rental agreement does not include [the notice of domestic abuse protections against eviction] required under [WIS. STAT. §] 704.14." WIS. STAT. § 704.44(10).

because the circuit court judges did not erroneously exercise their broad discretionary authority in denying the respective motions under § 806.07(1)(h).

## BACKGROUND

¶2    In November 2018, the landlord, represented by counsel, filed small claims summonses and complaints for eviction against Gaddis and Windom, each of whom was then residing in a unit owned by the landlord.  The sole ground for eviction alleged in each case was failure to pay rent.

¶3    In December 2018, a court commissioner dismissed the eviction against Windom, pro se, based on a stipulation.  The parties stipulated that Windom would vacate her unit by January 6, 2019, and that, if she did not, the landlord "shall be entitled to a judgment of eviction without further notice to" Windom.  Windom did not raise with the court commissioner or any circuit court judge any issue related to WIS. STAT. § 704.44(10).

¶4    Gaddis, also pro se, contested her eviction.  Like Windom, Gaddis did not raise any issue related to WIS. STAT. § 704.44(10).  The circuit court determined that Gaddis had breached the rental agreement and entered a judgment of eviction in January 2019.

¶5    In February 2019, the same attorney filed nearly identical motions for relief on behalf of each former tenant.  The ground for relief did not involve the alleged failure to pay; the former tenants do not dispute that they failed to pay the rent that the landlord claimed was due.  The basis for the motion was that the former tenants were entitled to relief under WIS. STAT. § 806.07(1)(h) because their leases had been "void and unenforceable" under WIS. STAT. § 704.44(10), in light of the following facts:  (1) the leases contained a provision that allowed the landlord to

3

terminate tenancy based on a crime committed in relation to the property, but (2) the leases did not contain notices of domestic abuse protections as required by WIS. STAT. § 704.14.[3] The motions for relief contended that, because the leases were void and unenforceable, the landlord had been "barred from terminating [the former tenants'] tenancy" for violation of any lease provision, including the provisions requiring payment of rent.

¶6    The circuit court judge in each case, the Honorable William E. Hanrahan in the eviction against Gaddis and the Honorable Peter C. Anderson in the eviction against Windom, denied the motions for relief for reasons that we discuss below.

## DISCUSSION

¶7    This court will not reverse a circuit court order denying or granting relief under WIS. STAT. § 806.07 absent an erroneous exercise of discretion. **Mullen v. Coolong**, 153 Wis. 2d 401, 406-07, 451 N.W.2d 412 (1990) (citing **Shuput v. Lauer**, 109 Wis. 2d 164, 177, 325 N.W.2d 321 (1982)). "The term 'discretion' contemplates a process of reasoning which depends on facts that are in the record or reasonably derived by inference from the record and yields a conclusion based on logic and founded on proper legal standards." **Mullen**, 153 Wis. 2d at 406. The purpose of § 806.07(1) is "to achieve a balance between the competing values of finality and fairness in the resolution of disputes," and must be construed "to achieve

---

[3] More precisely, the former tenants cited multiple paragraphs of WIS. STAT. § 806.07(1) in their motions to the circuit courts. However, when questioned at oral argument on appeal they failed to develop arguments, supported by any references in the briefing, based on such other grounds for relief as "mistake" (§ 806.07(1)(a)) or "fraud" (§ 806.07(1)(c)) Instead, they effectively acknowledged that their argument boils down to the following: the courts should have relieved them from a judgment or stipulation under § 806.07(1)(h), for "other reason[s] justifying relief."

4

this balance." *Mullen*, 153 Wis. 2d at 407 (citing Graczyk, The New Wisconsin Rules of Civil Procedure, Chapters 805-807, 59 MARQ. L. REV. 671, 727 (1976), and *State ex rel. M.L.B. v. D.G.H.*, 122 Wis. 2d 536, 541, 363 N.W.2d 419 (1985)).

¶8      We divide our analysis into two parts, based on the nature of the relief now requested. We first address Gaddis's current argument that Judge Hanrahan should have vacated Gaddis's judgment of eviction and Windom's current argument that Judge Anderson should have vacated Windom's stipulation. Then we turn to the former tenants' shared argument that the circuit courts should have, in some manner, reinstated the tenancies of the former tenants.[4]

### *Vacation Of Judgment/Stipulation*

¶9      There are inconsistent references in the former tenants' briefs on appeal and statements of their shared attorney at oral argument on this point, but we understand both former tenants to now make the following argument. The circuit courts should have reopened these eviction actions for the purpose of vacating the eviction judgment (Gaddis) or stipulation (Windom) that resolved the respective actions, even if the courts did not order their "reinstatements" as tenants. Assuming without deciding that the former tenants have developed this argument on appeal, we reject it without reaching the merits based on the failure of the former tenants to preserve it in the circuit court.

¶10     Failure to make a timely assertion of a right in the circuit court constitutes forfeiture of the right on appeal. *State v. Ndina*, 2009 WI 21, ¶¶29-30 315 Wis. 2d 653, 761 N.W.2d 612. The many rationales for this forfeiture rule have

---

[4] Because we affirm on other grounds, we need not address the landlord's arguments that the former tenants' motions to reopen were untimely under WIS. STAT. §§ 799.445 or 799.29(2), or both.

been extensively and repeatedly discussed in case law and it is sufficient to observe that those rationales are well served by application to the forfeiture doctrine here. *See State v. Counihan*, 2020 WI 12, ¶¶25-27, __ Wis. 2d ___, __ N.W.2d ___.

¶11    In the Gaddis eviction, the motion for relief filed in the circuit court did not ask the court to vacate the judgment of eviction. At most, she might have implied this specific request for relief. Instead, her focus was a request that the court "reinstate her tenancy." And, at the hearing on the motion, in response to repeated questioning by the circuit court about the nature of the relief sought and the bases for the relief, counsel for Gaddis consistently made arguments under various legal theories in favor of requiring the landlord to allow Gaddis to move back into the apartment building and to extend a new lease to her, and counsel made no clear request to vacate the judgment of eviction.

¶12    All of this was also true at the motion for relief stage in Windom's case.[5] At that stage, the Windom case was litigated on her behalf by the same attorney as the Gaddis case, relying on the same arguments.

¶13    Moreover, we received an answer of no when we specifically asked counsel for the former tenants at oral argument if they had requested that the circuit court judges consider the relief of reopening the cases for the purpose of vacating the judgment or the stipulation. Further, counsel for the former tenants replied no,

---

[5] In a representative argument, counsel for Windom explained to Judge Anderson that Windom "would like to return to her housing with her children and get a lease that complies with the law like the other tenants are going to be receiving very soon and work with [the landlord] to determine if there's money owed and what that would be." It is true that counsel for Windom also made an isolated reference to the concept of "reliev[ing] the defendant from the stipulation," but even this reference was wrapped into an accompanying request that Windom "be able to return," apparently meaning move back into the apartment building. Requests for relief need to be made with recognizable specificity and clarity, and here there was no clear specific request to vacate the judgment and stipulation without reinstating the tenancies.

and later conceded that the focus of the former tenants in the circuit court was on "reinstating" them as tenants in the apartment building.

¶14    In sum, the landlord and the circuit court were not placed on notice of claims, at least not with sufficient clarity and consistency, that the judgment (Gaddis) or the stipulation (Windom) should have been vacated in reopened proceedings and, therefore, the former tenants failed to provide fair opportunities for the parties and the court to squarely address this as an issue. Accordingly, reversal on this ground would be inappropriate in each case.

### *Reinstatement Of Tenancies*

¶15    The former tenants argue that the circuit court judges erroneously exercised their broad discretionary authority in denying the respective motions under WIS. STAT. § 806.07(1)(h). We reject this argument because the former tenants failed to provide the circuit courts with any practical explanation or relevant evidence to support an argument that it would be equitable to grant the specific relief of "reinstatement" of their tenancies, requiring the landlord to allow them to move into units of the apartment building, given the obvious intervening circumstances of their departures from the units, the passage of time, and the absence of any lease or other agreement between the landlord and either former tenant.

¶16    Given our basis to affirm, we do not need to address a number of other issues addressed by the parties, such as whether the undisputed fact that the leases were "void and unenforceable" under WIS. STAT. § 704.44(10) rendered the former tenants here tenants at will or instead periodic tenants. Bearing in mind our deferential standard of review, our attention is instead on the failure of the former tenants to provide the circuit court judges with clear explanations, including

citations to any relevant evidence, as to how tenancy "reinstatement" could or should work.

¶17    Courts are to apply WIS. STAT. § 806.07(1)(h) "only when the circumstances are such that the court's conscience demands that justice be done," which occurs in "only the most egregious circumstances," in order to promote "the balance between finality of judgments and fair judgments." *Allstate Ins. Co. v. Brunswick Corp.*, 2007 WI App 221, ¶17, 305 Wis. 2d 400, 740 N.W.2d 888. This catch-all provision "gives the [circuit] court broad discretionary authority and invokes the pure equity power of the court." *Mullen*, 153 Wis. 2d at 407 (citing *M.L.B.*, 122 Wis. 2d at 544-45).

¶18    As our supreme court has explained:

> We may sustain a circuit court's decision to deny relief under [WIS. STAT. §] 806.07, even though the circuit court's reasoning may have been erroneous or inadequately expressed. "Whether the ground assigned by the trial judge ... is correct is immaterial if, in fact, the ruling is correct and the record reveals a factual underpinning that would support the proper findings."

*Schauer v. DeNeveu Homeowner's Ass'n, Inc.*, 194 Wis. 2d 62, 71, 533 N.W.2d 470 (1995) (citations omitted).

¶19    The following nonexhaustive, five-factor test is applicable, and we emphasize one factor that gave the circuit court judges pause and implicitly weighed in their analysis against the relief that the former tenants sought:

> 1. Whether the judgment was the result of the conscientious, deliberate, well-informed choice of the claimant;
>
> 2. Whether the claimant received the effective assistance of counsel;

8

3. Whether relief is sought from a judgment to which there has been no judicial consideration of the merits and the interest of deciding the particular case on the merits outweighs the finality of judgments;

4. Whether there is a meritorious defense to the claim; and

5. *Whether there are intervening circumstances making it inequitable to grant relief.*

*See **Brunswick Corp.**,* 305 Wis. 2d 400, ¶7 (emphasis added) (quoted source omitted).[6]

¶20     When we asked counsel for the former tenants at oral argument whether the circuit courts were presented with information sufficient to understand the mechanics of potential "reinstatement" relief, approximately two months after the former tenants were no longer in possession of their units, counsel effectively responded that the courts lacked information on this topic because no evidence was presented on the topic. However, to the extent evidence was needed, it was the former tenants' burden to provide the evidence. That is, they effectively concede that they made an insufficient effort to present the circuit courts with pertinent evidence on this unclear topic of "reinstatement."

¶21     The circuit court judges noted gaps in the tenants' positions on this topic, particularly Judge Hanrahan. The court asked questions that included the following:

---

[6] At oral argument, the former tenants asked for the first time that, instead of outright reversal, we remand to the circuit court judges to expressly exercise their discretion based on case law setting forth the nonexhaustive list of factors to consider under WIS. STAT. § 806.07(1)(h). The request for a remand for the court to expressly exercise its discretion comes far too late in the litigation of these cases. During oral argument, the former tenants acknowledged that they failed to include these factors in their briefing to the circuit court, and likewise failed to ask the circuit court to consider them. We discuss this request no further.

9

> So let's say I do what [counsel for Gaddis is] asking and put [Gaddis] back as a tenant at will at the apartment. Then what would the rental amount be? What would the terms be?
>
> ….
>
> [Is the landlord] required to offer her a lease?
>
> ….
>
> I'm sorry. I'm having a hard time wrapping my head around this. So she goes back [into a unit], and she really has no lease, and [the landlord is] required to enter into some sort of lease?

The court also raised the issue of whether some current tenant might have to be relocated or vacated to make room for Gaddis. Counsel for Gaddis attempted to provide answers to these questions, but counsel was generally not able to point to pertinent legal principles or relevant evidence on any point raised.

¶22 It is true that Judge Hanrahan based denial in part on the following findings: Gaddis and the landlord had entered into an agreement that Gaddis would pay rent for living in the unit; Gaddis failed to pay rent pursuant to this agreement; and "[n]otice was given [by the landlord], as it would be if she had not had a lease from the beginning, and she was asked to vacate and failed to do that." But these findings are not inconsistent with the additional comments of the court that Gaddis had failed to provide anything resembling a coherent legal and mechanical roadmap for the landlord to "reinstate" Gaddis in a unit.

¶23 Judge Anderson was less pointed in raising concerns about how Windom could or would be placed in a unit, but the court made some observations that can be interpreted as running along similar lines. The court asked counsel for Windom if she was essentially asking for the rights of a "squatter," suggesting that the court had difficulty envisioning Windom's status as a "reinstated" tenant. The

10

court also observed that it seemed illogical for Windom to argue, "The lease is void and, therefore, I get to *move back in*." (Emphasis added.) The court observed that it was presented with the difficult question of, "if there is no lease, what do we do?"

¶24 Like Judge Hanrahan, Judge Anderson based denial in part on the concept that invalidity of the lease did not mean that Windom "did not have an obligation to pay rent," or "that eviction for not paying rent was not authorized." As with Judge Hanrahan's findings, however, these findings are consistent with the more general "I get to move back in" problem raised by the court.

¶25 Based on this record, we interpret both circuit courts to have denied the motions for relief based in part because there was a significant missing piece of the puzzle for the relief sought, namely, intervening circumstances making it inequitable to grant "reinstatement," and this point is not seriously disputed by the former tenants.

¶26 In the alternative, under ***Schauer***, even if we were to construe the record to conclude that the circuit courts did not place significant weight on problematic intervening circumstances, denial of the motions on this ground would have been plainly proper, given the lack of evidentiary development on this topic and the former tenants' exclusive pursuit of "reinstatement" as a remedy.

¶27 For all of these reasons, we affirm the orders of the circuit court.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.