# COURT OF APPEALS
# DECISION
# DATED AND FILED

## May 3, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP496**

Cir. Ct. No. **2020TR6342**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

PETER JOHN LONG,

    DEFENDANT-APPELLANT.

---

APPEAL from orders of the circuit court for Winnebago County: DANIEL J. BISSETT, Judge. *Reversed and cause remanded with directions*.

¶1 GROGAN, J.[1] Peter John Long, pro se, appeals from orders denying his requests to reopen a default judgment entered against him for his

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

refusal to take a test for intoxication after arrest contrary to WIS. STAT. § 343.305(9)(a). Long argues the circuit court erroneously exercised its discretion in denying his motion to reopen. This court concludes that the circuit court erred in denying the motion without holding a hearing. Accordingly, the orders are reversed, and the matter is remanded to the circuit court with directions to conduct a hearing on Long's motion to reopen the default judgment.[2]

## I. BACKGROUND

¶2    On August 20, 2020, police arrested Long for operating while intoxicated (OWI), tenth offense, after they saw his motorcycle hung up on a curb and found Long sleeping in a ditch about 300 yards from the motorcycle. An officer at the scene suspected Long may have been impaired, but when he asked Long to do field sobriety tests, Long refused. The officer arrested Long for OWI, but he refused to take a chemical test. The next day, the police filed a notice of intent to revoke Long's operating privilege based on his refusal to submit to a test. Long timely filed a request for a refusal hearing.

¶3    Although the State charged Long with OWI-tenth, that case was dismissed after the preliminary hearing because the court commissioner concluded the State failed to present sufficient evidence to establish probable cause. The refusal case against Long continued, and the circuit court ultimately held the refusal hearing on February 19, 2021. According to Long's motion, his attorney

---

[2] Long also argues that the circuit court erred when it rejected his motion because he failed to give a reason for reopening the default judgment and that his trial counsel provided ineffective assistance. Because this court reverses and remands for an evidentiary hearing, it is not necessary to reach these other issues. *See Water Well Sols. Serv. Grp. Inc. v. Consolidated Ins. Co.*, 2016 WI 54, ¶33 n.18, 369 Wis. 2d 607, 881 N.W.2d 285 (cases should be decided on the narrowest possible grounds).

advised him that he could simply "'default'" (not show up) and that the only consequence would be a three-year revocation of his driver's license. Long's attorney appeared at the refusal hearing and advised the circuit court that Long would be defaulting. The circuit court entered default judgment accordingly.

¶4 Subsequently, the Department of Transportation sent Long notice that because of the default judgment, Long's driver's license would be revoked permanently. As a result, Long filed several motions seeking to reopen the default judgment based on his mistaken belief that his license would only be revoked for three years if he defaulted. His first motion asserted his "failure to appear was due to incorrect advice and mistake by paid counsel." The circuit court summarily denied this request, stating only that there was "no basis stated" to reopen. Long's second motion explained the basis for his request in greater detail—namely that his attorney told him that if he defaulted, the only consequence would be a three-year driver's license suspension—which turned out to be incorrect. The circuit court summarily denied this motion, too, and simply signed and dated Long's motion with a stamp that said "denied[.]" Long also filed a motion for reconsideration, which the court summarily denied without explanation. Long now appeals.

## II. DISCUSSION

¶5 This case involves a review of the circuit court's decisions denying Long's requests to reopen the default judgment of conviction for refusing to submit to a chemical test. The State believes Long is entitled to an evidentiary hearing on his motion because he pled sufficient facts which, if true, entitle him to relief. This court agrees and reverses and remands for an evidentiary hearing. If Long proves he was misadvised by his attorney as to the consequences of the

refusal judgment, then the judgment should be vacated, and Long should be afforded the opportunity to contest his refusal on the merits. If Long fails to prove he was misadvised as to the consequence, then the judgment should stand.

¶6 Whether to reopen a default judgment is within the circuit court's discretion. *Dugenske v. Dugenske*, 80 Wis. 2d 64, 68, 257 N.W.2d 865 (1977). WISCONSIN STAT. § 806.07(1) permits the circuit court to reopen a judgment. It provides that "upon such terms as are just, the court … may relieve a party … from a judgment" for multiple reasons, including: "(a) [m]istake, inadvertence, surprise, or excusable neglect" and "(h) [a]ny other reasons justifying relief from the operation of the judgment." Sec. 806.07(1)(a), (h). Our supreme court set forth a number of factors the circuit court should consider in making a decision to grant relief from a judgment, including: (1) "[w]hether the claimant received the effective assistance of counsel;" (2) "[w]hether relief is sought from a judgment to which there has been no judicial consideration of the merits … [which] outweighs the finality of judgments;" and (3) "[w]hether there is a meritorious defense to the claim[.]" *Allstate Ins. Co. v. Brunswick Corp.*, 2007 WI App 221, ¶7, 305 Wis. 2d 400, 740 N.W.2d 888 (citing *State ex rel. M.L.B. v. D.G.H.*, 122 Wis. 2d 536, 552-53, 363 N.W.2d 419 (1985)).

¶7 In making a decision on whether to grant relief from the judgment, the circuit court must assume the movant's assertions are true. *Id.*, ¶6. If the alleged facts are "'extraordinary or unique such that relief may be warranted,' a hearing must then be held to ascertain the truth or falsity of the allegations." *Id.* (citation omitted).

¶8 Here, Long alleged facts that, if true, warrant relief, and therefore the circuit court should have held a hearing on his motion. Specifically, Long asserts

his attorney told him the only consequence for the refusal judgment would be a three-year revocation of his license when in fact he received a lifetime revocation. Long also asserts that there was no decision on the merits in his refusal case and that the underlying OWI was dismissed for lack of probable cause. He believes that as a result, he has a meritorious defense to the refusal citation.

¶9 Based on these facts, Long is entitled to a hearing on his motion.

*By the Court.*—Orders reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.